JAMES T. GOUGH

*v.*

MARY E. WILLIAMSON.

[Filed November 2d, 1901.]

1. Where, on a bill to specifically enforce a contract to sell real estate, made at public auction, but not signed by defendant or her agent the auctioneer, defendant's answer makes admissions as to the contract, and fails to set up the statute of frauds, the contract can be enforced against defendant so far as the admissions in the answer extend.

2. Where, on a bill to specifically enforce a contract to sell real estate, made at public auction, but not signed by defendant or her agent the auctioneer, defendant's answer expressly refers to the advertisement of sale and to the contract, such instruments may be identified by parol, and, if the complete terms of the agreement are shown by them when so identified, the statute of frauds is satisfied.

3. An advertisement of an auction sale recited that the auctioneer was instructed to sell "the choice business corner-property known as No. 368 G. st.," and that "the lot, being 25 feet front on G. street, made a desirable investment." The owner of an adjoining lot made the purchase, and signed the written conditions of sale, to which a copy of the advertisement was attached. The actual frontage of the property was twenty-five feet five and three-quarter inches.—*Held*, that the statement as to size of the

lot was not intended as a description of the property, or to cut the lot down to twenty-five feet, and that the purchaser was entitled to a conveyance of the whole corner, according to the general description in the advertisement.

4. In order to reform a written contract for the sale of realty by substituting a description by metes and bounds for a general description by lot number, a mutual mistake with respect to the form of the contract as actually signed is necessary.

5. Where, on a bill to reform such a contract and for its specific enforcement as reformed, the prayer for reformation is refused, the relief of specific performance of the contract, as found to be proved, may be granted under the prayer for general relief, inasmuch as it is relief of the same general nature as that specially prayed.

On bill for specific performance. Heard on bill, answer, replication and proofs.

*Mr. Charles H. Hartshorne,* for the complainant.

*Mr. Boyd McLean,* for the defendant.

EMERY, V. C.

The special relief sought by the bill in this case is the reformation, on behalf of the purchaser, of a contract for the sale of a lot of land in Jersey City, and a specific performance of the contract as reformed. It is alleged by the purchaser that a mistake was made in the description of the property in the contract of sale, in relation to the width of the lot intended to be sold. The bill does not set out *in hæc verba,* or at length, the contract of sale claimed to have been made, but says that the contract described the lot in question as "the choice business corner property, known as No. 368 Grove street, southeast corner of First street, Jersey City," but with what are called in the bill, the additional words of description, in another part of the contract, "the lot being 25 feet front on Grove street and 100 feet on First street." The actual width of the lot owned by defendant on this corner is twenty-five feet five and three-quarter inches. Complainant, who owned the adjoining lot on Grove street, and who purchased, as he supposed, the whole lot to his line, claims that the lot intended to be sold was the lot twenty-

five feet five and three-quarter inches wide, and seeks to reform the contract by inserting this particular description, and then to have the contract as reformed specifically enforced. Defendant admits a contract to convey a lot twenty-five feet in width and denies any mistake on her part. On the hearing it appeared that the contract of sale, which was made at public auction, although signed by complainant, was not signed either by defendant or her agent, the auctioneer. Under the statute of frauds, therefore, the contract could not be enforced, but for the fact that the answer of the defendant makes admissions as to the contract and fails to set up the statute. The contract can, therefore, under the rule stated in *Ashmore* v. *Evans, 3 Stock. 151 (Chancellor Williamson, 1856)*, be enforced against defendant, so far as the admissions of the answer extend; and the principal question for decision in the case is as to the scope and effect of the admissions made in the answer, as to the contract made between complainant and defendant's agent. The answer does not set out the written contract signed by complainant, and the admissions of the answer are admissions as to the terms and legal effect of the contract and in reference to the description of the property are substantially as follows, viz., that defendant is the owner of lot on the southeast corner of Grove and First streets, Jersey City; that on May 8th, 1900, her agent, Montgomery, contracted to sell and convey a lot twenty-five feet on Grove street and one hundred feet on First street to complainant; that the contract was for a lot of this size and that she refuses to convey a lot of different dimensions; that she denies that she intended to convey a lot of greater width than twenty-five feet, or supposed that was all the land owned by her, but she believed she owned twenty-six feet on Grove street by one hundred feet on First street, of which she instructed her agent to sell twenty-five feet by one hundred at auction sale. The further admission is, however, then made:

"that the advertisement of the sale so stated the dimensions of the property, and that she intended to sell to the highest purchaser so much of her property as was included in the description in the said advertisement and contract."

Gough *v.* Williamson.

The advertisement and the contract made between complainant and defendant's agent being thus expressly referred by the answer as describing the property intended to be conveyed, the advertisement and the contract thus referred to may be identified by parol evidence as the writings or papers referred to in the answer, and if from them, when so identified, the complete terms of the agreement appear, the statute of frauds is satisfied. *Ridgeway* v. *Wharton, 6 H. L. Cas. 238, \*257 (1857)* ; *Johnson* v. *Buck, 6 Vr. 338, 344 (Supreme Court, 1872)*.

The evidence at the hearing in reference to the description of the property shows that on June 29th, 1899, defendant, by a writing signed by her, appointed Montgomery her agent to sell and dispose of "my property situate on the southeast corner of Grove and First streets, Jersey City," without any further or other description in the paper. After unsuccessful efforts to dispose of the property at private sale, Montgomery, after consultation with defendant, and after showing the proposed advertisement to defendant, advertised the property for sale, as follows:

"Valuable Grove street corner-property to be sold at auction.
"W. J. Montgomery, Auctioneer,
      "Office, 58 Montgomery St.,
"Has received instructions to sell, on Tuesday, May 8th, 1900, at 2 P. M., on the premises, the choice business corner-property known as No. 368 Grove street, southeast corner of First street, Jersey City.
"Said property has a three-story frame building, with brick and stone basement thereon, containing fourteen (14) rooms, with improvements, all in good condition.
"The lot being 25 feet front on Grove and 100 feet on First street, near the business centre of Newark avenue, makes it a very desirable investment, and positively will be sold to the highest bidder."

There were written conditions and terms of sale to which a copy of the advertisement was annexed. Complainant, who owned a lot on Grove street adjoining defendant's lot, purchased the premises at public auction for $6,450, and signed at the foot of the conditions the following memorandum:

"I have bid off the property described above for the sum of six thousand four hundred and fifty dollars, subject to the above terms of sale, to all of which I hereby agree to comply."

34

Neither the defendant, nor her agent, the auctioneer, signed the advertisement or conditions of sale, but inasmuch as the answer substantially admits that a contract was made between complainant and Montgomery, as her agent, for the sale of the property described in the advertisement and contract, the identification of this written contract, which was the only one signed by complainant, as the contract admittedly made by complainant with defendant's agent, is made out by evidence sufficient to satisfy the statute of frauds. And inasmuch as the answer refers to the advertisement of sale and contract as describing the property, the case does not come within the rule laid down in *Johnson* v. *Buck, 6 Vr. 338 (Supreme Court, 1872)*, that where the unsigned paper is not referred to in the signed paper, they cannot be connected by parol evidence. Taking, then, the contract of sale to be evidenced by the advertisement, the conditions of sale to which it is attached, and the memorandum at the foot of the conditions, the property described as the subject-matter of sale, and intended to be sold, was "the property known as No. 368 Grove street, southeast corner of First street, Jersey City." The subsequent statement in the advertisement was a representation as to the size of the lot—twenty-five feet on Grove street by one hundred on First street, and was not intended as a description of the property, to cut down the lot to twenty-five feet frontage, if it was more than twenty-five feet, or to guarantee that frontage if it was less. It was intended, I think, only as a statement of the substantial width of the lot, in connection with circumstances, as to its location and the buildings on it, which made it a desirable business property. The defendant being then, as complainant also knew, the owner of but one lot on this corner, the difference of a few inches either way, from the figures stated, would not have relieved either vendor or purchaser from the contract to sell or purchase the lot known as No. 368 Grove street.

The complainant is entitled to a conveyance of the lot purchased, as described in the contract signed by him—that is to say, "the property known as number 368 Grove street, southeast corner of First street, Jersey City." He is not entitled on this bill and answer to a conveyance of a lot, by the special description by the metes and bounds set out in the bill, for the reason

that no contract to convey a lot by that description has been proved, either by the answer or the advertisement and contract admitted by and referred to in the answer. Neither has it been shown that either of the parties intended that the form of the contract should be other than the one actually signed. A mutual mistake in this respect must be made out, in order to correct or reform an agreement reduced to writing. *Henderson* v. *Stokes, 15 Stew. Eq. 586 (Vice-Chancellor Bird, 1887)*; *Green* v. *Stone, 9 Dick. Ch. Rep. 387, 397 (Errors and Appeals, 1896)*.

The contract admitted by defendant's answer to have been made by her agent, was signed by complainant in the precise form in which both parties at the time intended it should be signed, and the circumstance requiring equitable interference or aid, is that in the contract so admitted and signed, the general description of the property is, or is claimed to cover, more property than the particulars given. If both the general and the particular descriptions had been embraced in a deed for the premises and they did not agree, the question would have arisen as to which description governed. The inconsistency having been discovered before the deed had been actually delivered, the question in relation to specific performance of the contract is, what was by the true construction of the written contract the description of the property sold? Finding that the property intended to be sold was the property as described by the general description, complainant is entitled to a deed in the terms of the general description in the contract, and if there is any dispute as to how much this description covers, the purchaser is entitled only to a deed in the words of the agreement as to the property conveyed. *Waters* v. *Bew, 7 Dick. Ch. Rep. 787, 790 (Vice-Chancellor Green, 1894)*. The complainant now claiming that the lot which he purchased and which was known as No. 368, is twenty-five feet and six inches wide, he is entitled to have a deed in which the lot purchased shall be conveyed by the general description, and cannot be obliged to take a conveyance, in which the dimensions of the lot are laid out by a particular description which would or might have the effect of limiting or controlling the general description. Nor, on the other hand, is complainant entitled to require a deed from defendant in which

a particular description shall be used, covering the lot by the particular description which complainant claims to be the lot No. 368.

The special prayer of complainant's bill to reform the contract by describing the lot particularly, and then specifically enforce the contract, must therefore be denied. But inasmuch as the complainant's bill prays for general relief and sets out that the contract of sale described the lot as "the choice business corner property known as No. 368 Grove street," &c., the relief of specific performance of the contract as now found to be proved, can be granted under the prayer for general relief, inasmuch as this is relief of the same general character as the special relief prayed. *Read* v. *Cramer, 1 Gr. Ch. 277 (Chancellor Pennington, 1839)*; *Berryman* v. *Graham, 6 C. E. Gr. 378 (Errors and Appeals, 1869)*; *1 Dan. Ch. Pr. (6th Am. ed.) *378, note 2.* A decree for specific performance will be advised.