ANTON F. MULLER

*v.*

CHARLES BRAUTIGAN.

[Decided July 1st, 1915.]

1. Where a contract for the sale of land was defective as uncertain in reference to the description of the lands to be conveyed, specific performance according to its terms could not be granted. ·

2. Where the answer, signed by defendant's solicitor, in a suit for the specific performance of an oral contract for the sale of realty, admitted such contract, and did not claim the benefit of the statute of frauds, such answer was a sufficient writing or memorandum to satisfy the statute.

3. Where the original contract for the sale of realty extended credit to the purchaser, and where a substituted agreement, to correct the defective description of the land in the first contract, whereby the seller agreed to accept the description as corrected by the buyer, and to convey without mutually beneficial restrictions which had been considered between the parties, the premises being adapted to and held for building and residential improvements, was made in consideration of the agreement of the buyer to pay the balance of the purchase price in cash, and the expectation induced by his statement that he expected to build without delay in a manner within the proposed restrictions, the time of payment was of the essence of the substituted contract, and the buyer's

refusal to pay upon tender of the deed, claiming a credit extension similar to that under the original contract, which he still claimed at the hearing of his suit for specific performance, precluded him from maintaining such suit.

---

Heard on bill, answer, replication and proofs.

*Mr. Charles Hood,* for the complainant.

*Messrs. Wolber & Blake,* for the defendant.

EMERY, V. C.

The original contract signed by the complainant and defendant is the only contract in writing binding both parties under the statute of frauds. This contract is defective or uncertain in reference to the description of the lands to be conveyed, and its specific performance according to its terms would therefore not be equitable and could not be granted. The description was afterwards corrected by oral agréement between the parties, and the description to be inserted in the deed in lieu of the description in the written agreement was orally agreed on between the parties. The only written evidence of the agreement set up in the bill, and of which specific performance is sought, viz., the agreement to convey by the corrected description, is the defendant's answer in this case. This answer admits the subsequent oral agreement to convey by the corrected description set out in the bill, and without any restrictions, but says that this agreement was made after subsequent negotiations, including the matter of restrictions not contained in the original agreement, and was in consideration of the agreement of complainant to pay defendant $1,700, the entire balance of the purchase-money, upon the delivery of the deed. At the time of this subsequent parol agreement, the time of credit fixed by the original contract had expired. At the time of signing the original contract $150 was paid on account of the purchase price, but no possession of the premises was given. Under the statute of frauds the answer, signed by defendant's solicitor, may be taken as a sufficient writing or memorandum, and if, as in this case, the benefit of

the statute is not claimed by the answer, the agreement, as evidenced by the answer, may be enforced. *Gough* v. *Williamson, 62 N. J. Eq. 526.*

But the only contract which can be enforced against defendant is the contract of which written evidence exists, *i. e.,* an immediate cash payment to be made for a conveyance without restrictions. The evidence shows that the defendant was ready to convey on July 18th, 1911, when the parties met for the purpose, on receiving this cash payment. The complainant, however, declined to pay cash, but insisted on the same extension of credit for the unpaid purchase-money as had been provided by the original agreement of February 21st, 1910. Defendant also proves satisfactorily, I think, that pending the subsequent negotiations, restrictions had been considered between the parties, which would have been mutually beneficial, in case complainant erected a residence, and that the final agreement on defendant's part to accept the description as corrected by complainant, and to convey without restrictions, was based on the cash payment of the balance of the purchase-money, and the expectation induced by complainant's statement, that he desired and expected to build without delay, in a manner within the proposed restrictions. By this express agreement for immediate payment, made under these circumstances, the time of payment became of the essence of the contract for conveyance, and under the answer as evidencing the agreement, and the circumstances proved, I think the case was one where the condition as to cash payment should have been complied with, and the cash should have been then paid or tendered. The complainant, after this refusal to pay cash, subsequently claimed right to performance without offer to pay cash, and claimed a credit extension similar to that under the original contract, and still claims it at the hearing. The contract concerns premises adapted to and held for building and residential improvements, and, in my judgment, the complainant is not now equitably entitled to the performance of the subsequent oral agreement, inasmuch as he did not comply, or offer to comply, with the terms upon which it was granted.