FREDERICK A. DUGGAN, PLAINTIFF, v. JAMES LAFKAS ET AL., DEFENDANTS.

Decided July 11, 1925.

Ejectment—Lessee's Contract Provided For Payment of Rent and Income of Taxes in New Lease Extending Term of a Former Lease—Part Payment Only Was Made According to Terms— Not Necessary to Decide Whether Provision of Lease is a Condition or Covenant, if Condition It was One Precedent to the Creation of a New Term, if Covenant There Had Been a Breach—Acceptance of Part of Taxes Did Not Waive Requirement.

For the plaintiff, *James J. McGoogan*.

For the defendants, *Pomerehne, Laible & Kautz*.

The opinion of the court was delivered by

DONGES, J. This case is before me on stipulated facts, to be decided without a jury.

It is an action in ejectment brought against Lafkas and three others as partners, and Pagos & Rogokas, Incorporated, for possession of a part of premises No. 13 East State street, Trenton, New Jersey.

The partners were lessees of the premises in question under a lease with plaintiff expiring October 18th, 1924. On September 1st, 1920, they entered into an agreement with plaintiff to lease the premises for a term to commence on October 18th, 1924, and to terminate October 12th, 1928, at the yearly rent of $4,200, payable in installments of $350 per month in advance.

The lessees assigned this lease to the corporation defendant.

The new lease provided, paragraph 3, page 1—

"It is agreed that before the party of the second part enter into possession of the premises under the terms of this lease, they shall pay all increases in taxes over the taxes levied upon the premises No. 13 East State street, Trenton, New Jersey, in the year 1920, and which are levied for the years 1921, 1922, 1923 and 1924, and that they will, during the continuance of this lease, semi-annually pay a similar increase over the taxes levied in the year 1920 upon the said premises to the party of the first part for taxes levied during the years 1925, 1926, 1927 and 1928."

It was provided, paragraph 7—

"The said party of the second part covenants to pay to the said party of the first part the said rent as herein specified, and the said amounts, representing increases in taxes, as herein specified."

It was further provided, paragraph 5, that—

"If any rent shall be due and unpaid, or if default shall be made in any of the covenants herein contained, then it shall be lawful for the party of the first part to re-enter the said premises and to remove all persons therefrom."

In the stipulated facts two points are raised by plaintiff as grounds for judgment—first, that the proportion of taxes for 1924 to be paid by the lessees were not paid or tendered before the date when the new term was to begin, and second, that assignment by the partner lessees to the corporation defendant was a breach of the covenant not to "sublet or underlet" the premises. There is no allegation in the complaint covering the second point, and it is not argued in plaintiff's brief, reliance being placed on the first point.

From the agreed facts it appears that all excess of taxes for the years 1920, 1921, 1922 and 1923 were paid by the lessees, and that—

"On or about April 11th, 1924, plaintiff sent to the defendant a bill for the first half of taxes for the year 1924, in excess of the 1920 levy, which the defendants paid to and which plaintiff accepted, a receipt for which was given, a copy of which is as follows:

'TRENTON, N. J., April 11, 1924.

Presto Lunch Co.

To Frederick A. Duggan, Dr.

| | |
|---|---|
| To increase in taxes for 1924 in excess of 1920.. | $671.18 |
| Credit on account ......................... | 335.59 |
| | |
| Balance due ....................... | $335.59 |

Received payment,

(Signed) F. A. DUGGAN.'

"No further demand for the second half of said taxes was made by plaintiff prior to demand for possession, at which time plaintiff refused to accept said second half of said taxes."

Plaintiff made demand on October 20th, 1924, for possession, which was refused.

"12. On October 31st, 1924, defendant, Pagos & Rogokos Company, Incorporated, tendered to the plaintiff in person $350, for November, 1924, rent, together with $335.59, second half of excess taxes for the year 1924, both of which amounts tendered plaintiff refused to accept."

Rent for all of October was paid on October 1st.

It is not necessary to decide whether the provision contained in the lease respecting taxes is a condition or a covenant. If it was a condition, it was a condition precedent to the creation of a new term, and, never having been performed, defendants never took under the lease. If, as I am inclined to believe, it was a covenant, as stated in paragraph 7 of the lease, there was a breach, which, under the re-entry clause, gave plaintiff a right to possession.

Defendants insist that, by accepting a part of the taxes for 1924, plaintiff waived the requirement that it be paid in full before the new term began. I am unable to adopt this view. The language employed is clear and definite. There is an obligation imposed upon the lessee to make such payment. Lessee was apprised of the amount due. There is nothing in the agreed facts from which it appears that the plaintiff waved this provision. Certainly, by accepting part in April, it cannot be said that the lessee had a right to assume that payment of the balance within the prescribed time would not be required.

I conclude that plaintiff is entitled to judgment.