OXFORD FOUNDRY AND MACHINE COMPANY, A BODY
CORPORATE, PLAINTIFF, v. GEORGE A. MYERS & COM-
PANY, INCORPORATED, A BODY CORPORATE, DE-
FENDANT.

Submitted January 16, 1925—Decided October 15, 1925—Filed
November 20, 1925.

Contracts—Sale of Manufactured Articles—Refusal to Accept De-
livery—Court Charged That Measure of Damages Was the
Difference Between Cost of Production and Agreed Prices—
Defendant Now Claims That Rule Should be Difference Be-
tween Market Value and Contract Price—When Plaintiff
Sought to Take This Attitude at Trial, Defendant Objected
on Ground That the Evidence of Market Value Was In-
admissible Where Plaintiff Had Agreed to Manufacture—
Reversal For Error Committed at Instance of Party Alleging
It, Not Allowable.

On defendants's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER
and KATZENBACH.

For the plaintiff, *Horton & Tilt* (*Ramon E. Horton* and *Charles G. Keulgen,* of the New York bar), of counsel.

For the defendant, *Carlo D. Cella* (*John W. Ockford,* of counsel).

PER CURIAM.

This is a defendant's rule to show cause. The suit was instituted by the Oxford Foundry and Machine Company against George A. Myers & Company, Incorporated (both New Jersey corporations), to recover (1) the price of sash weights manufactured by the plaintiff and delivered to the defendant, and (2) damages for breach of a contract between the parties under which the defendant refused to accept further deliveries of sash weights. The venue was laid in Warren county. The case was tried before a jury. The trial resulted in a verdict for the plaintiff for $4,546.38, of which $742.58 was upon the first count, which claimed for the goods delivered, and $3,803.80 was upon the second count. The jury awarded this latter sum for the damages sustained by the plaintiff by the failure of the defendant to accept further deliveries. The contract was an oral one made about September 4th, 1923. By it the plaintiff agreed with the defendants to manufacture, sell and deliver to the defendant, in accordance with the defendant's orders, one thousand tons of sash weights, between September 4th, 1923, and January 1st, 1924. The price was $46 per ton, f. o. b. Oxford, New Jersey. Bills were to be paid within ten days from shipment. If paid within ten days a discount of two per cent. was to be allowed.

Upon the first count the only question at issue was whether or not the discount should have been taken off of certain bills rendered. The payments were not made within ten days, but the two per cent. had been taken off. The defendant contended that the plaintiff had waived this two per cent. by acceptance of the money. This was denied, and this question was submitted to the jury. The amount claimed under this count by the plaintiff was $913.14, so that the

jury in returning a verdict on this count for $742.58 did find in certain instances waivers of the two per cent. where the money had not been paid within the ten days. The crux of the case turned upon the refusal of the defendant to accept seven hundred and sixty and twenty-one hundredths tons of sash weights. The amount delivered was two hundred and thirty-nine and seventy-one hundredths tons. The rule to show cause allowed by the trial judge reserves all exceptions. The brief submitted for the plaintiff considers questions reserved under the rule. These will not be considered by us, as the defendant does not argue them.

The defendant's brief deals only with the measure of damages and the court's attitude upon this question. The court permitted the plaintiff to show the cost of production. He then charged the jury that the measure of damages in the case was the difference between the cost of production and the agreed price under the contract. The defendant contends that this was not a correct rule of law, and that the measure of damages in the present case was the difference between the market value and the contract price. The defendant further contends that there is no evidence in the case of market value, and that, for this reason, the judgment should only have been for six cents. This argument appears logical. The difficulty is that when the plaintiff sought to take this attitude and prove the market price of sash weights the defendant objected and argued that the contract was one to manufacture, sell and deliver to the defendant sash weights of the plaintiff's manufacure, and that evidence of market value was inadmissible in a case where the plaintiff had agreed to manufacture. It was not a sale of goods which could be obtained in the open market. The court took this view of the case at the suggestion of the defendant's counsel. He offered to permit an amendment, but upon the condition that the defendant would be entitled to an adjournment. The plaintiff did not care for an adjournment. The motion to amend the complaint was thereupon withdrawn. The case was continued. This appears to be the situation. The defendant's counsel was unwilling to permit the market value

of sash weights to be proven. He now takes the position that the court erred in not permitting the market value to be proven. In other words, at the trial he sought the court to take a position against the admission of evidence as to market value. Now, he is before this court contending that market value was the only evidence that should have been submitted. This is a position which the defendant is not entitled to take. In *Bahrey v. Poniatishin*, 95 *N. J. L.* 133, the Court of Errors and Appeals said: "Elementary justice in reviewing the action of a trial court requires that the court should not be reversed for the error committed at the instance of the party alleging it." This is the only point argued by the defendant. The defendant either relies upon raising the other points on an appeal under the exceptions reserved or has abandoned them. We have treated the question raised upon its merits. The record, however, discloses no exception taken to the instruction. Seeing no merit in the question argued, the rule to show cause is discharged.