LINDEMAN-CHEVROLET, INCORPORATED, A CORPORATION, PLAINTIFF-APPELLEE, v. RELIABLE WOODWORKING COMPANY, A CORPORATION, DEFENDANT-APPELLANT.

Submitted October 16, 1925—Decided January 21, 1926.

Bailment—Injury to Automobile Loaned to Another—Action Brought For Cost of Repairs—Defendant Claimed True Measure of Damages to be the Difference Between the Value of Car Before and After the Accident, and Plaintiff's Complaint Amended Accordingly—Defendant Cannot Now Complain Because the Damages Proved Turned Out to Have Been More Than Those Which Would Have Been Proved if the Original Measure of Damage Had Been Adhered to.

On defendant's appeal from the District Court.

Before Justices PARKER, MINTURN and BLACK.

For the plaintiff-appellee, *William Greenfield.*

For the defendant-appellant, *Milton M. Unger.*

PER CURIAM.

The only error alleged in this case is the action of the trial court in allowing an amendment to the state of demand, the result of which amendment was to support a judgment for $500 instead of a judgment for $264.50. The plaintiffs loaned an automobile to the defendant, and, while in its custody, it was badly damaged. The liability of the defend-

ant for this damage was not disputed. The automobile was returned to the plaintiff and put in order at a cost of $264.50, and plaintiff sued defendant to recover that amount. The summons in the action laid the damages at $500, but in the original state of demand it was averred that by reason of the injury "the plaintiff was obliged to, and did, expend the sum of $264.50 in the repair of the said automobile loaned," &c. Judgment was claimed in $264.50, besides interest and costs. At the trial the plaintiff undertook to prove the cost of repairs as was alleged in the state of demand, but, according to the certificate of the trial judge, "this was objected to by the defendants on the ground that the true measure of damage was the difference in the value of the car before the accident and after the accident. This objection was sustained and the plaintiff given leave to amend its complaint, claiming damages for the difference before and after the accident." The amendment was, apparently, not put in writing at the time of the trial, but the trial proceeded without it, as often happens in such cases, and without objection so far as appears. Plaintiff went on to prove its damages on the basis urged by the defendant, and the testimony on this point showed that, whereas the automobile before the accident had a value of $900, its value after the accident was only $325, a difference of $575. The court then reserved decision, and a few days later, before the decision was given, an amended demand was filed, claiming "that by reason of the damage to the automobile the same became greatly depreciated in value and a total loss, and, by reason thereof, plaintiff says that it has sustained damage in the sum of $500." Several days after this the court awarded a judgment for $500, and it is now claimed, as already stated, that the court erred in permitting the amendment to be made.

There is nothing before us to show that any objection was made to the amendment, and it is reasonably evident that an amendment of this kind was contemplated. It is also a fair deduction from the language of the certified state of the case that the trial proceeded as though the amendment had been

made, and that the evidence with regard to difference in value was admitted without any objection or suggestion to the court that the damage found could not exceed that claimed in the original state of demand. In other words, the plaintiff was obliged to shift its ground by the defendant's original objection, and we fail to see how, after the ground was shifted because the defendant insisted upon it, defendant can now claim that, although a different rule was applied at its own instance, the amount to be recovered is to be restricted by the damages first claimed, based on a theory of cost of repairs. In this aspect the case is very similar to *Oxford Foundry and Machine Co.* v. *George A. Myers & Co.,* 3 *N. J. Mis. R.* 1212; 130 *Atl. Rep.* 884. In that case the plaintiff undertook to prove damages based upon the market price of certain sash weights; defendant objected and insisted that the true measure of damages was the difference between cost of production and the agreed contract price. The court acceded to this view and permitted evidence to be submitted on that basis, and on rule to show cause it was alleged that the court adopted an erroneous rule for measure of damages. But this court held that the defendant was not entitled to allege error in an action of the trial court that was taken at its own suggestion and instance. This is substantially the situation in the present case. The appellant, having forced the plaintiff below to abandon the measure of damages suggested in its original state of demand, and to prove a case based on a measure of damages suggested by the defendant, cannot now complain because the damages proved turn out to have been more than those which would have been proved if the original measure of damages had been adhered to.

The judgment will be affirmed.