30 N.J. Super. 122 (1954)
103 A.2d 399
TRENTON OIL COMPANY, INC., A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF,
v.
RICHARD A. DRIES, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided March 3, 1954.
*124 Mr. George Warren (Messrs. Warren & Stein, attorneys for the plaintiff), for the motion.
Mr. James Logan (Mr. James Mercer Davis, Jr., of counsel), attorney for the defendant, opposed.
WOODS, J.S.C.
This is a motion for a summary judgment in an action to recover possession of lands. The case is unusual in that it is alleged that the defendant, Dries, is both owner and lessee of the premises on which is erected a gasoline filling station situate in Pemberton Township, Burlington County. On February 6, 1946 Dries entered into a written lease agreement with George S. Seitz and Herbert F. Amison for a term expiring March 1, 1951. Said lease, among other things, provided that:
"And it is further agreed by and between the parties hereto that the said parties of the second part shall have the right and option to renew said lease at the expiration of this lease for a further period of five years upon the same terms and conditions, save only that the annual rent shall be increased for this period from the aforesaid sum of Eighteen Hundred Dollars ($1800.00) per year to Twenty-one Hundred Dollars ($2100.00) per year, payable in equal monthly installments of One Hundred Seventy-five Dollars ($175.00) in advance; provided, however, that in order to exercise said option to renew said lease, the said parties of the second part must give written notice of their intention to so do, to the said party of the first part sixty days prior to the expiration of the original lease;"
*125 On this same date, February 6, 1946, George S. Seitz and Herbert F. Amison assigned the aforesaid lease to Trenton Oil Company, Inc. and Richard A. Dries, owner-lessor to the original lease, consented in writing thereto.
On February 7, 1951 Trenton Oil Company, Inc. entered into a written lease with Horace Smith, Sr. and Horace Smith, Jr. for a term of five years commencing March 1, 1951. This lease covered the premises in question and provided that "if Lessor is not the owner of the premises herein demised then the within lease and the estate hereby created are subject to all of the terms, provisions and conditions of the lease or other arrangement under which the Lessor has been occupying said premises * * *" and also contains the provision:
"Lessor is hereby given the right, at its option, to cancel this lease at any time during the original term hereof, or any renewal or extension thereof, upon thirty (30) days' prior written notice of Lessee, provided, however, that upon any such cancellation of this lease, Lessor shall remit to the Lessee as a consideration for such cancellation, a sum equivalent to one (1) month's rent based on the average monthly rent previously paid by the Lessee to Lessor."
On March 3, 1951, Richard A. Dries, as owner instituted an action in ejectment against Trenton Oil Company and others. At the end of the defendant's case the court granted the plaintiff's motion for a directed verdict against the defendant on the ground that defendant had failed to properly exercise its option to renew under the terms of the lease. An appeal was taken (Dries v. Trenton Oil Co., Inc., 17 N.J. Super. 591 (App. Div. 1952)). Judge Eastwood delivered the opinion of the court and held:
"It is clear that the subletting by the original tenants to the oil company for the full term of the primary lease constituted an assignment. The oil company so contends and the plaintiff apparently concedes such a legal result as evidenced by the plaintiff's statement in his brief that `a lease of which the defendant was the assignee clearly set forth the method of exercising the option to renew. * * *'"
*126 The judgment was reversed and the cause remanded for a trial de novo for the reason that the evidence presented an issue of fact as to whether plaintiff had waived the necessity for the giving of notice of intention to renew.
As a result of the remand for a new trial, conferences were had by the parties litigant and their attorneys and at a conference held on December 22, 1952, at which were present Mr. Anthony Conte, president of Trenton Oil Co., Inc. and Mr. George Warren, his counsel, Mr. Richard A. Dries and Mr. George Hillman, his counsel, a settlement was reached with the following results:
1. A stipulation of dismissal was signed by both counsel providing as follows:
"This matter, having been amicably adjusted by and between the parties hereto, it is hereby stipulated by and between the parties hereto, that the above captioned matter be and hereby is dismissed with prejudice on condition that the Trenton Oil Company, Inc. continue as a tenant of Richard A. Dries on the same terms and conditions as specified in a lease between Richard A. Dries as lessor and George Seitz and Herbert Amison as lessees, which lease was dated February 6, 1946, except that
(a) the rental shall be $175.00 per month; and
(b) the term of this tenancy shall expire February 28, 1956."
2. Horace Smith, Sr. and Horace Smith, Jr. assigned their lease with Trenton Oil Co., Inc., dated February 7, 1951, expiring February 28, 1956 to Richard A. Dries with the consent in writing of Trenton Oil Co., Inc. We quote:
"The within lease is hereby assigned by Horace Smith, Sr. and Horace Smith, Jr. to Richard A. Dries, of the Township of Pemberton, County of Burlington and State of New Jersey, and by him hereby accepted this 22nd day of December, 1952.
 Signed: Horace Smith, Sr.
 Horace Smith, Jr.
 Richard A. Dries."
Upon execution of this last assignment, Richard A. Dries entered into possession of the premises and from the affidavits presented with these pleadings it would appear that this situation existed until June 1953 when Richard A. Dries, as owner, notified the Trenton Oil Co., Inc. to remove *127 their equipment from the premises. Trenton Oil Co., Inc., in turn, notified the defendant, Dries, by letter dated August 27, 1953 as follows:
"In accordance with the lease dated February 7, 1951 between the Trenton Oil Company, Inc. and Horace Smith, Sr. and Horace Smith, Jr. and assigned to you on December 22, 1952, this letter is sent to you as the thirty days' notice that we are cancelling the above mentioned lease and that you vacate the premises on or before October 1, 1953."
And on September 29, 1953 a check in the amount of $175 to the order of Richard A. Dries was sent to him by registered mail in accordance with the terms of the lease. The defendant did not vacate the premises and the check was returned to the plaintiff. Thereafter, on October 8, 1953 the present action for possession was instituted.
To the complaint the defendant entered a general denial and by way of separate defenses pleaded: (1) the statute of frauds, (2) a denial of any right, title or interest on the part of the plaintiff in the lands, (3) as owner of the land, defendant's right of possession is superior to any claim of any person, (4) the rights, if any, of the plaintiff were surrendered to the defendant and merged into defendant's title.
Defendant argues that since the stipulation of dismissal was signed only by the attorneys for the parties litigant and not by the parties themselves, and further, that since the attorney for Mr. Dries had no written authority to sign the stipulation, it is within the purview of the statute of frauds, R.S. 25:1-1. He admits the stipulation but denies its enforcibility.
On this point we must agree with the contention of counsel for the plaintiff that the provisions of the stipulation of dismissal were not intended to be a lease but an acknowledgment on the part of Dries that Trenton Oil Company was his tenant under the written leases hereinbefore set forth.
Furthermore, could we in any way construe the stipulation of dismissal to be a lease, the principles laid down in *128 the cases of Ashmore v. Evans, 11 N.J. Eq. 151 (Ch. 1856); Gough v. Williamson, 62 N.J. Eq. 526 (Ch. 1901); and Muller v. Brautigan, 84 N.J. Eq. 574 (Ch. 1915), would govern and the signature of the attorney for Mr. Dries must be considered as a sufficient memorandum in writing to meet the requirements of the statute of frauds.
It is undisputed that the stipulation of dismissal and the assignment of the Smith lease to Dries and accepted by him were accomplished in settlement of the ejection action. We feel he is now estopped by his actions from setting up the special defenses in his answer in the present action. In Marsh v. Mitchell, 26 N.J. Eq. 497, 500 (Ch. 1875), affirmed 27 N.J. Eq. 631 (E. & A. 1876), the court held:
"It must also be remarked, the defendant is precluded from disputing the due execution of the mortgage, by admissions made in her behalf and forming part of the record in this case. Her solicitor admitted, before the master, during the production of the proofs, that the mortgage was signed and executed by the defendant and her husband. The admission was recorded by the master, with the assent of the solicitor, and the mortgage offered and received in evidence without objection. Express admissions in judicio, stand as conclusive presumptions of law, (1 Greenleaf's Ev., § 27,) and cannot be disputed unless it is first shown they were made by mistake. Ibid, § 206. No such claim is made, and under the circumstances, it may be fairly presumed it would be difficult to maintain it, if made."
And in Gelsmine v. Vignale, 11 N.J. Super. 481, 78 A.2d 602 (App. Div. 1951), Judge William J. Brennan, Jr., in delivering the opinion of the court said:
"The discontinuance filed as to Bullock expressly recites, `The claim of the plaintiff against the defendant, Martha Bullock, having been amicably adjusted by a Covenant Not to Sue * * *.' By plain principles of estoppel plaintiff will not now be heard to assert the contrary. Cf. Lindeman-Chevrolet, Inc., v. Reliable Woodworking Co., 131 A. 616, 4 N.J. Misc. 52 (Sup. Ct. 1926), affirmed 103 N.J.L. 198, 134 A. 918 (E. & A. 1926); see Brown v. City of Cambridge, 3 Allen 474 (Mass. 1862); Aljian v. Ben Schlossberg, Inc., 8 N.J. Super. 461, 73 A.2d 290 (Law Div. 1950)."
In general, "in the absence of fraud or mistake, parties to stipulations and agreements entered into in the course of *129 judicial proceedings are ordinarily estopped to take positions inconsistent therewith." 31 C.J.S., Estoppel, § 120, page 384.
We are further called upon to decide whether there is a factual question involved as to the plaintiff's right to possession? We think not.
"The relation of landlord and tenant arises from a contract, express or implied. There must be present the element of permission by the landlord and subordination to the landlord's title and rights on the part of the tenant." John S. Westervelt's Sons v. Regency, Inc., 5 N.J. Super. 231 (App. Div. 1949).
In the matter before us these elements were present and quite clearly existed from December 22, 1952, the date of the signing of the stipulation of dismissal and the assignment and acceptance of the lease existing between Trenton Oil Co., Inc. and the Smiths to Dries, until June 1953, when the dormant rift between the parties again erupted. It is quite clear that the plaintiff and defendant assumed the relationship of landlord and tenant.
"A subletting creates a relationship of landlord and tenant between the tenant and subtenant."
Wehrle v. Landsman, 23 N.J. Super. 40, at p. 46 (Law Div. 1952).
"It is uniformly recognized that where the relation of landlord and tenant exists, the tenant is estopped to deny his landlord's title. 16 R.C.L. 649, § 137. This principle is well stated by Mr. Chief Justice Black in Thayer v. Society of United Brethren, 20 Pa. 60, 62, 63 as follows: `A lease given in good faith by one party and accepted by another with his eyes open, is valid and binding on both, though the actual occupancy be not changed. It creates the relation of landlord and tenant. It is a solemn admission of the lessor's title. It disarms him of the power to take possession during the term, and therefore ought to be conclusive of his right to do so afterwards. The mere fact that the tenant has a better title than his landlord does not of itself raise the presumption that the lease was a fraud or accepted by mistake. The lease is not rendered void by proving title in the lessee.'" Babcock Lumber Co. v. Allison, 136 Pa. Super. 353, 7 A.2d 374, 376 (Pa. Super. Ct. 1939).
*130 There was no fraud of any kind upon the defendant. He entered into the transactions with full knowledge of every fact upon which he now bases his defense. As sub-lessee he cannot deny his landlord's title. His right of possession as owner is not superior to the claim of his lessee under the terms of the lease referred to in the stipulation of dismissal. There was no surrender by the plaintiff of its rights and a resulting merger into the defendant's title. On the contrary, there was a very definite action to prevent this. In the case of McRoberts v. Stadelman, 168 Pa. Super. 489, 79 A.2d 119 (Pa. Super. Ct. 1951), a transaction somewhat similar to this before us is referred to as a "`washout' transaction, evidently made to control the sale of the petroleum products of the Oil Company." We think this is a very apt description.
Since we are convinced from the pleadings and affidavits on file, that there is no genuine issue as to any material fact challenged and that the plaintiff is entitled to a judgment as a matter of law, the motion for summary judgment is granted. (R.R. 4:58-3).