**CITY OF KETCHIKAN, ALASKA, a municipal corporation, Plaintiff,**

v.

**LOT 5, AND A PORTION OF LOT 4, BLOCK 6-A, H. J. Hanson, and Union Oil Company, Defendants.**

Civ. No. 3249-KA.

District Court, Alaska
First Division, Ketchikan.
April 22, 1955.

Victor P. Guns, Ketchikan, Alaska, for plaintiff.

A. H. Ziegler, Ziegler, Ziegler & Cloudy, Ketchikan, Alaska, for defendant Hanson.

R. E. Robertson, Robertson, Monagle & Eastaugh, Juneau, Alaska, for defendant Union Oil Co.

FOLTA, District Judge.

In support of the defendant Union Oil Company's motion for a new trial, it is contended that the Court erred (1) in rejecting the commissioners' report; (2) in not following local procedure or that prescribed by Rule 71A, F.R.Civ. P., 28 U.S.C.A.; (3) in not separately assessing the several interests in the land; and (4) in holding that the defendant's interest was that of an equitable mortgagee.

Difference of opinion as to the effect of Rule 71A upon local procedure, Ch. 7, Title 57, Alaska Code, impels me to reconsider the question. I am now convinced that Rule 71A applies initially but that subsection (k) thereof requires that local procedure be followed in assessing damages, if substantive rights under local law are to be preserved. It follows, therefore, that where the report of the commissioners is erroneous the remedy is by way of appeal, Sec. 57–7–16 of the Code. This remedy was invoked in time by the plaintiff and the parties were entitled to a jury trial, but waived it, by failing to object to trial by the Court, Maytag Co. v. Meadows Mfg. Co., 7 Cir., 45 F.2d 299, certiorari denied 283 U.S. 843, 51 S.Ct. 489, 75 L.Ed. 1452.

Turning to the alleged errors of law, an examination of the Opinion suffices to show that all the interests were severally evaluated save that of the Union Oil Co. as equitable mortgagee, which could not be ascertained from the

evidence produced, and hence the Court was compelled to make payment to the defendant Hanson contingent upon his settling with the Union Oil Co. or making further proof.

 The contention that the evidence does not support the Court's conclusion that the interest of the Union Oil Co. is that of an equitable mortgagee requires an examination of the relationship between Hanson and the Union Oil Co. in the light of antecedent transactions. Reduced to its essence, it amounts to this: Hanson was the owner of the property, Union Oil Co. was the tenant, and Hanson was the sub-tenant of the Union Oil Co. In the trade, this is known as a "washout" transaction, McRoberts v. Stadelman, 168 Pa.Super. 489, 79 A.2d 119, and invariably includes a stipulation to sell only the distributor's products. In the instant case there was superimposed upon the lease-sublease transaction a loan to Laird which was to be amortized at the rate of $25 a month. If the loan is divorced from this transaction there remains a landlord-tenant relationship cognizable by the courts, Lindner v. Mid-Continent Petroleum Corp., 221 Ark. 241, 252 S.W.2d 631, and Trenton Oil Co. v. Dries, 30 N.J.Super. 122, 103 A.2d 399, where it was held that as against the owner the distributor was entitled to possession even though the owner's sublease had been cancelled, for the extinguishment of which the Union Oil Co. is entitled to some compensation. The state of the record is such, however, that the amount cannot be determined except upon a rehearing, the time for which may be fixed upon application. This conclusion does not affect the right of the City to possession.

The remaining contention of the Union Oil Co. was disposed of in the main Opinion.

The motion of the defendant Hanson for a rehearing, etc., being based on the false premise that deduction for accrued depreciation was made twice, must be denied.