## NEWMAN v. FOWLER.

1. When two or more persons, though not acting in concert, occasion an injury, they are severally liable for the consequences.
2. When a house was badly built in consequence of the joint neglect of the architect and the contractor, a suit, founded on such neglect, will lie against the architect alone.
3. Nor will the fact that the owner of the house refuses to pay the contractor a part of the money due to the contractor, on the ground that the house is badly built, bar such suit.

On writ of error to the Essex Circuit.

Argued at February Term, 1874, before the CHIEF JUSTICE and Justices WOODHULL, VAN SYCKEL and SCUDDER.

For plaintiff in error, *Borcherling* and *Coult.*

For defendant, *Thomas N. McCarter.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. The damages for which indemnification is sought in this suit, are the results of the negligence of another party as well as that of the defendant. The plaintiff employed the defendant to oversee, in the capacity of architect, the putting up of a building, and the verdict has established that this structure is defective in workmanship and materials, in consequence of the want of care or want of skill of the contractor engaged to do the work, and of the defendant as architect. The loss comprised in the present cause of action has arisen, therefore, by reason of the default of these two persons, the contractor and the defendant. The suit is against the latter, solely.

There can be no doubt that when two or more persons occasion, proximately, an injury, though not acting in concert, they are severally liable for the consequences. In this respect there is no difference between wrongs the result of force and

such as proceed from ignorance or carelessness. Whenever the damage is the product of the contributory misfeasances the action will lie against each of the wrong-doers, and the person thus sued will be held responsible for the entire detriment. It is the familiar rule of practice that all or any of joint trespassers may be prosecuted, and that such as are thus sued must answer for all the consequences of the wrong done. Nor can they claim contribution, the one from the other, so as to dispense the loss equally among themselves, the reason being that the law will not undertake to adjust the burthens of misconduct. This principle is a general one, applicable in every case of a tort. There are many of the adjudications which exemplify this rule in its bearing with regard to actionable neglects. Thus, where an injury is caused by the negligence of an agent, acting in the line of his employment, the action may be joint against such agent and his principal, or may be separate against either. *Phelps* v. *Wait*, 30 *N. Y.* 78; *Wright* v. *Wilcox*, 19 *Wend.* 343. The same ground of decision was acted on recently in this court, in the case of Bennett *v.* The New Jersey Railroad Company, in which an action was sustained for a damage which had been caused by the negligence of the defendant and that of another party, who was not joined in the suit. It would seem, therefore, that the right of the present plaintiff to elect whether to bring this action against either the defendant, as the architect, or against the contractor, for the damage occasioned by their joint neglect, is indisputable. To this extent the case presents no feature which is not common to many of those which have heretofore received judicial sanction.

But there is a circumstance which it has been strenuously insisted, individualizes the present subject, and varies it so as to remove it from the operation of the rule just mentioned. This peculiarity is the fact that the plaintiff retains in his hands a part of the price agreed to be paid for the construction of the house in question, and has refused to pay to the contractor this sum, on the ground of the imperfection of the work and materials. The argument built upon this state of

facts is, that as the plaintiff has the right to retain the moneys in his hands as against the contractor, such moneys must be looked upon as a satisfaction, at least to the extent of such sum, of the damages embraced in the present verdict.

It must be admitted that, in a suit by the contractor for the residue of the contract price now withheld by the plaintiff, it would be competent to show, in diminution of the contract price, that the building has not been built in the manner stipulated. This practice was settled by this court in the case of *Boulier et al.* v. *Randles*, 2 *Vroom* 335. That was a suit to recover the agreed price of a steam engine, and the decision maintains the right of the vendee, in mitigation of damages, to insist on defects in the engine and its want of correspondence with the agreement. In the present case, therefore, in a suit by this contractor, for the consideration agreed to be paid for the building of this house, these defects for which this verdict has held the defendant responsible, could be set up as a defence *pro tanto*. And if such action had been brought, and such defence had been interposed, and it had prevailed, it seems to me that the present action would have been barred. The reason is that, although the person wronged by the negligence of two persons, can bring his action against both, or either, still he cannot require a double satisfaction. That is, in case such person receives an indemnification by a suit against either of the wrong-doers, he cannot pursue the other wrong-doer for the same cause of action. 2 *Hill. on Torts*, *p.* 459, § 20. The consequence is, if the retention of the moneys in question is to be regarded as so much paid, or as a satisfaction for these same damages now recovered, it is clear that the verdict against this defendant is not legal. The plaintiff is not entitled to keep the moneys now in his hands, as a compensation for damages, and then proceed, under process in this action, to levy a corresponding sum for the same damages out of this defendant. That would obviously be a double satisfaction for the same wrong, to which he is not entitled in law nor in justice.

But the weak point in this part of the defence is, that the

money thus retained cannot be regarded as a satisfaction. The contractor has not consented to the retention of this money, and at any time may bring suit for it. The plaintiff is not entitled to measure his own damages, and whether he can retain this money, or any part of it, is, as between himself and the contractor, an open question. If this money had, either by agreement or by an adjudication, been fixed in his hands, it might have been, very properly, regarded by the court as a satisfaction. But, under existing circumstances, it is nothing but so much money impounded by the plaintiff in his own hands, where it will remain, until the right to it shall be settled, either by the agreement of the parties or by a course of law. I can see no propriety in holding that this money, under present conditions, is to be taken as an absolute satisfaction of the damages embraced in this verdict. The effect of sustaining the recovery in this case will be to permit the plaintiff to select the particular wrong-doer against whom he will first proceed—a right, which we have seen, belongs to him upon general principles. If he shall prove successful in such pursuit, the result will be to free the money now detained by him, to the extent which it represents the damages which will be thus compensated. It is true that, in this way the burthen of sustaining this loss is shifted on to the defendant as architect, from the contractor, who will thus be enabled, so far as the present damages are concerned, to recover the money in question. But it is to be borne in mind, and the circumstance is an additional reason why the money retained cannot be considered as a satisfaction of this cause of action, that the money in question may be kept back by the plaintiff on the foot of other damages than those embraced in this suit. For it is not a necessary consequence that the defendant is responsible for every part of the neglects or misconduct of the contractor in the doing of the work in question. There was a sameness of responsibility only, when the negligence of the contractor was such as to be discoverable by the exercise of reasonable care and skill on the part of the architect; for the effects of negligence beyond this measure, the contractor

alone would be answerable. It is not practicable for the court here to say that the money retained by the plaintiff is not held as a guarantee against losses for which a responsibility rests exclusively upon the contractor ; if so held, the present suit, to this degree, will have no effect on the right of the parties in this fund. The case then, in principle, is thus to be summed up : the damages recovered are the result of the negligence of two persons—of the architect and the contractor ; the plaintiff had his remedy against either, and has elected to sue the former ; the money in the hands of the the plaintiff cannot be regarded as a satisfaction—first, because the plaintiff's right to it is not established ; and, second, because it may be held as an indemnification against other damages than those within the scope of the present suit.

The result is, that judgment must be entered in the verdict.