## SAMUEL K. WILSON v. MORGAN & BOOTH.

A new trial will be granted in an action of tort if the verdict be for an unreasonably small amount of damages, they being of definite ascertainment.

---

In tort.   On rule to show cause.

Argued at November Term, 1895, before BEASLEY, CHIEF JUSTICE, and Justices MAGIE and LUDLOW.

For the plaintiff, *James S. Aitkin* and *Woodbury D. Holt.*

For the defendants, *Garret D. W. Vroom* and *Edwin Robert Walker.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. This suit was for the caving in of the earth of a street in Trenton, whereby it fell on the land of the plaintiff and thereby destroyed and injured cer-tain machinery in his mill. The charge was that the accident occurred by reason of the defendants, as contractors with the city, piling up, in the construction of a sewer, large quantities of earth along the line of the plaintiff's land, whereby the wall supporting the earth of the street gave way, the plaintiff's lot being lower than the street.

The jury gave the plaintiff a verdict for about one-third of the damage proved by him and he now moves to set aside such finding on the ground of inadequacy.

Upon the plainest legal rules this verdict cannot be supported. It is incontestable, in view of the proofs in the case, that the plaintiff has not been compensated for the damage occasioned by the giving way of the wall in question. The case seems to have been imperfectly tried, but assuming that the plaintiff had a right to recover at all, and which is the assumption that must be made for present purposes, he has not recovered one-half of what he is entitled to. The proof shows most incontestably that the moneys expended in the reparation of the injured machinery amounted to much more than the sum embraced in the verdict. The items of such an expenditure, when they have been proved, leave to the jury the simple function of summation—they can neither add nor subtract anything.

The legal rule with respect to damages in actions of tort is far too broadly stated in the brief of the counsel of the defendants. It is true that in a certain class of such cases the court will not interfere, except when error is flagrant, with the estimate of damages made by a jury. But there are instances where the loss is indeterminate, and the only standard of measurement is human judgment, as in actions of defamation or the infliction of bodily pain. And even in such cases it is every day's practice for the courts to vacate verdicts that are grossly excessive.

But that this rule thus invoked has no pertinence on the present occasion is most conspicuous, for the mistake in the case in hand is both definite and indisputable, and the record shows that the jury erred in simple addition.

The rule is made absolute.