JOHN T. KILLEN v. NORTH JERSEY STREET RAILWAY COMPANY.

Submitted December 8, 1906—Decided February 25, 1907.

In an action for personal injuries, a verdict for the plaintiff for substantial damages will not be set aside as inadequate when it appears that all the substantial elements of damage were in dispute as to their extent, and it appears that the verdict may be the result of the application of good judgment to such conditions as might be fairly found from the evidence.

On plaintiff's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices GARRISON and GARRETSON.

For the plaintiff, *Collins & Corbin.*

For the defendant, *Bedle, Edwards & Holmes.*

The opinion of the court was delivered by

GARRETSON, J.   The plaintiff obtained a verdict of $1,750 against the defendant for damages for personal injuries and was allowed a rule to show cause why that verdict should not be set aside.   The only reason urged for setting aside the verdict is that the amount allowed by the jury is inadequate.

In *Wilson* v. *Morgan & Brother,* 29 *Vroom* 426, the court set aside the verdict of the jury in an action of tort because the mistake was both definite and indisputable and the jury erred in simple addition.

In *Miller* v. *Delaware, Lackawanna and Western Railroad Co.,* 29 *Vroom* 428, in an action for personal injury, a verdict of six cents damages was rendered and the court, in setting it aside, says, there is considerable evidence showing the serious character of the hurt and that it was painful and chronic. There was no counter evidence on the subject.

In *Caswell et ux.* v. *North Jersey Street Railway Co.,* 40 *Vroom* 226, a case of personal injuries to the wife, the jury rendered a verdict of $500 in favor of the wife, and of $100 in favor of the husband. The verdict was sustained as to the wife and set aside as to the husband, the court saying as to the verdict of the wife "although a considerable larger sum could not have been declared to be excessive, yet on the other hand the amount fixed by the jury cannot be declared inadequate."

The verdict in favor of the husband was set aside because it appeared by the undisputed evidence that he had paid out or was legally liable to pay out for medical attendance to his wife, necessitated by her injury and for other expenses rendered necessary thereby, a sum considerably in excess of the amount allowed him by the jury.

In the present case the plaintiff was a passenger on a trolley car of the defendant and was injured by being thrown from the rear platform of the car to the ground, when the car ran off the track.

The accident occurred November 1st, 1905. The case was tried October 17th, 1906. The negligence of the defendant was established and the only question in dispute for the jury to determine was the amount of damages to which the plaintiff was entitled by reason of the injuries received by him. The only external injuries apparent immediately after the accident was a condition of shock, a lacerated wound on the right side of his nose, a bruise and a scratch on the back of the right hand and also on the left elbow, a very severe bruise and sprain of the left loin that became very black and blue, very extensive and involved the entire side. He was first taken to the hospital after the injury, his wounds were dressed there and he was then taken to his home and a physician called who paid him six visits, extending over a period of eleven days. The plaintiff was fifty-five years old at the time of the accident, was a blacksmith working at his trade, and on his way to work when the accident happened; he had been working in Bayonne for three years before the accident at wages of thirty cents an hour, nine hours a day; at one place where he

had previously worked he used to make $3.25 a day.    Physicians called as witnesses examined the plaintiff; Dr. Gray and .Dr. McGill the first part of March, 1906, and Dr. Collins two weeks before the trial.    They agreed that at the time of the trial the plaintiff was suffering from neurasthenia, whether resulting from the accident or not was a matter of opinion, and the physicians did not agree about it; it was also speculative as to how long he would suffer from his condition, whether it was permanent or curable, what treatment he should receive and how long it would be necessary to continue the treatment to bring about a cure.

The elements of damage which the plaintiff was entitled to recover for were pain and suffering, past and future, wages he had lost by reason of the injury, impairment of earning power from the time of the accident until he was well again, and moneys expended in bringing about his cure.

The only definite sum proved as damages is $38, paid to Dr. Gray for his attendance at the time of the injury; all the rest must depend upon the application of good judgment to such facts as may be found, upon a fair consideration of contradictory testimony.

The verdict is for $1,750.    It is for a substantial sum.    We cannot tell how much was given by the jury to each element of damages other than the physicians' services.    The others depend upon the view of the testimony to be taken by the jury. They also were able to observe the plaintiff upon the witness-stand.    His age was also for them to consider in reaching a conclusion as to the probable recovery, as to the length of time he would be unable to work at his trade, as to his ability to perform some work before and after the trial.

The jury was called upon to determine whether the plaintiff, since the accident, could not have earned wages at some other employment, and whether he ought not to have done so.

The cost of treatment for the trouble from which the plaintiff was suffering was to be gathered from very wide estimates, whether it should be at his home at a trifling cost or away from home, or in a hospital or sanitarium at very different charges.

In this state of the evidence the court is unable to justify a conclusion that the amount awarded by the jury is inadequate, any more than they would be justified in setting aside the verdict as excessive if it were for a considerably larger sum.

The rule to show cause is discharged.