## HENRY H. WEINBERGER, RESPONDENT, v. ERIE RAILROAD COMPANY, APPELLANT.

Submitted March 23, 1914—Decided June 15, 1914.

1. The provisions of section 209 of the Practice act of 1903 (*Pamph. L., p.* 591), requiring courts trying Supreme Court issues to return the circuit record, verdict, &c., to the Supreme Court at the next term, are directory and not mandatory.
2. Notwithstanding said section the Supreme Court in its discretion, pursuant to rule 117, formerly rule 36, may permit the filing of the transcript and *postea,* and entry of judgment at a later time.

On appeal from the Supreme Court.

For the appellant, *George S. Hobart* (*Collins & Corbin* on the brief).

For the respondent, *Peter J. McGinnis.*

The opinion of the court was delivered by

PARKER, J.　The question raised on this appeal is whether a judgment entered in the Supreme Court on a verdict in favor of the plaintiff below must be reversed on the ground that the successful party failed to see to it that the circuit record and *postea* were returned into the clerk's office of the Supreme Court at the next term after the verdict.

The history of the case shows that in all reasonable probability the omission of the filing of *postea* and of the usual entry of judgment *nisi* at the next term was due to the allowance of a rule to show cause why the verdict should not be set aside and a new trial granted. What happened was this: the verdict was rendered on May 19th, 1911; a rule to show cause allowed on the 22d; argument had thereon at the February, 1912, term of the Supreme Court; opinion that rule be discharged, November 11th, 1912; and on January 17th, 1913, plaintiff's attorneys gave notice of motion

for leave to file the *postea* as in time and enter judgment thereon. This leave, after argument at February term, 1913, the court granted under date of June 2d, 1913, and *postea* was filed and judgment entered accordingly. The alleged error set up consists, as already stated, in granting the leave to file *postea,* &c., so long after the verdict.

There are two provisions relating to this step in the practice, one a rule of the Supreme Court, the other a statute.

The rule is now No. 117 of the revised rules of 1913, slightly altered from the form in which, as rule 36, it existed at the time of the verdict (*Corbin's Rules,* 3d ed., p. 74), where it reads as follows:

"Unless the *postea* be filed within the first ten days of the term next after the trial, such failure shall be construed, at the option of the opposite party, a waiver of the verdict or finding, unless the court, in its discretion, shall order otherwise."

This rule goes back at least as far as 1868. *Nix. Dig.* 1868, p. 1082, *rule* 45.

The statute is section 209 of the Practice act of 1903 (*Pamph. L.,* pp. 537, 591) and provides in part that:

"The court before whom a Supreme Court issue shall be tried shall return the transcript with the verdict and other proceedings had thereon to the Supreme Court *at the next term,* and the Supreme Court shall receive and file the same, and give judgment thereon according to law."

This provision goes back to 1799. *Elm. Dig.* 540, *pl.* 15; *Pat. L.* 394, § 13. As originally enacted it was part of the act relative to the Supreme and Circuit Courts, and began, "The justice before whom such Circuit Court shall be held," and this language persisted until 1903 (see *G. S., p.* 2573, § 240), at which time the modification was evidently made to meet the new practice of referring Supreme Court issues to the Circuit Court or Common Pleas for trial. *Practice Act* 1903, § 208.

Counsel for appellant argue that the statute takes precedence of the rule and that the statutory language is mandatory.

That the Supreme Court acted within the limits of the rule is quite plain, and is not denied. The question, then, is whether the statute is mandatory and controls the rule.

It is worthy of note that during a period of nearly half a century that this statute and this rule have existed, side by side, no case is reported in which the repugnancy now claimed to exist has been brought to the attention of the court. On the other hand, as early as 1873, only five years after the first promulgation of the rule, if I am correct about the year of its origin, we find the case of *Warwick* v. *Cox*, 36 *N. J. L.* 392, in which the filing of *postea* at the next term was deferred because of a motion in arrest of judgment, and the *postea* was filed and judgment entered without notice at a subsequent term. On a motion to open the judgment and take the *postea* from the file, the Supreme Court said, quoting the rule, that judgment should not have been entered without notice, because the defeated party on taking a writ of error might have lost the right of staying execution by recognizance, not knowing of the judgment; but permitted plaintiff, who had the verdict, to apply on notice for leave to file his *postea*. The statute was not discussed or in any way alluded to. And it is safe to say that from that date to this the remedy for omission to file the *postea* at the next term has been, by common understanding and practice, an application to the court, such as was made in this case.

This understanding may be grounded upon two sufficient reasons—*first,* that the statute applies to the trial court and not to the party; *second,* that if applicable at all it is directory and not mandatory.

As to the first reason, it will be observed that the duty of returning the circuit record or transcript, with the verdict and other proceedings, into court at the next term, is by the statute imposed, not on the party or attorney, but on the trial judge. It is plain that the party must procure the circuit record in the first instance and present it to the trial judge before he can have his trial (*Practice Act* 1903, § 207); but after it is in custody of the judge, the act seems to

say that he, and not the party, is to return it into court. That the attorney habitually draws the *postea* for the judge to sign, and that the long standing practice has been for the attorney to relieve the judge of the responsibility of returning the circuit record into court, are facts generally known, but they do not operate to change the statute into a requirement that parties undertaking the duty must perform it on peril of losing the benefit of their verdicts. At common law, apparently, the successful party might enter up his judgment on verdict at any time within reason. *May* v. *Wooding*, 3 *Maule & S.* 500. If that was the rule, a statute that undertakes to change it should be distinct in its terms.

These views lead to the second proposition that the statute is simply directory, notwithstanding the word "shall" is used. It cannot be that the legislature intended a successful party to lose the benefit of his verdict by the inaction of a trial judge. The case is similar to *Morrel* v. *Buckley*, 20 *N. J. L.* 667, where it was the duty of the clerk on issuing an attachment to make certain entries in a particular book. As was said by Chief Justice Beasley, commenting on that case in *Proprietors* ads. *Jones*, 36 *Id.* 206, 210, "the inconvenience and unjust consequences of such a circumstance would have been so great as to forbid the court from concluding that such a purpose was intended in the absence of express terms, or something equivalent compelling to such a conclusion." Similar cases may readily be imagined, as for example, the lapse of a *certiorari* or a writ of error for failure or refusal to make a return. Where the relief depends on an act of a party, the rule is of course different, as for example, in the case mentioned in Warwick *v.* Cox, of failure to give recognizance in error within the fifteen days, and in the case of *Haythorn* v. *Van Keuren*, 79 *Id.* 101, where jury was not demanded in due season.

Whether upon the passage of this act of 1799 it became the practice for the trial justice to gather up the circuit records in cases tried before him at *nisi prius*, and himself, return them into court; and if so, when and how the practice sprang up of this function being assumed by the attor-

ney of the successful party, are questions that it would require some research to answer; but it is plain that since the adoption of the rule of 1868 the statute has been more or less of a dead letter, and its transplantation from the "act relative to the Supreme and Circuit Courts" of 1799 and its revision in 1846, into the Practice acts of 1874 and 1903, may well be due to a spirit of sound legal conservatism that bids us rather bear the ills we have than fly to others that we know not of.

We conclude, then, that the statute, if applicable to a party at all, is directory only, and this result seems to be supported by the great weight of authority. *23 Cyc.* 839, and cases cited in note 15. The Supreme Court properly followed the rule and acted within the discretion conferred thereby. The judgment will therefore be affirmed.

*For affirmance*—THE CHANCELLOR, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BOGERT, WILLIAMS, WHITE, HEPPENHEIMER, JJ. 10.

*For reversal*—None.