ELIZABETH BOWES, ADMINISTRATRIX, ETC., PLAINTIFF, v. PUBLIC SERVICE RAILWAY COMPANY, DEFENDANT.

Submitted March 19, 1920—Decided June 11, 1920.

1. The word "excessive," used in relation to damages, has a relative meaning. What may be deemed excessive in one environment and social order may be inadequate compensation in another.

2. The discretion reposed in a court to set aside a verdict is a legal discretion based upon well-settled legal principles, designed primarily to avoid excesses and favoritism, evolved from passion, partiality or prejudice, and so palpably evinced as to invoke the restraining hand of the courts in the interest of the proper administration of justice.

On rule to show cause to Passaic County Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justices MINTURN and BLACK.

For the rule, *Lefferts S. Hoffman* and *Joseph Coull, Jr.*

*Contra, Corbin & Hughes.*

The opinion of the court was delivered by

MINTURN, J. The plaintiff has a verdict for $10,000, as the result of the death of her husband, by the act of defendant. She has two young children, and the family are without means of support, and by the death of the deceased their only visible means of support was taken from them. The only question presented is the alleged excessiveness of the damages. The word "excessive" has a relative meaning. What may be deemed excessive in one environment and social order may be inadequate compensation in another. At a period when the purchasing power of the dollar has in the language of the day been "cut in half," the value of the sum awarded here is not to be estimated in the numerical *quantum* of the recompense, but in its comparative ability to furnish the necessities of life. Of these facts the court must take judicial notice. It is also to be observed that it is not as indicated in the language of the briefs, that because a verdict is presumably excessive, based upon nice mathematical calculations, that the court's power to set it aside is to be legally interposed, but because there is an element of disproportion in the damages which bears no reasonable relation to the nature of the injury presented by the record. Thus an

early writer upon the subject states that in such case "Damages ought not to be weighed in a nice balance, but must be such as appear at first blush to be outrageous, and indicate passion or partiality in the jury." 2 *Tidd Pr.* 909; 7 *Durnf.* 529.

So we have held in the case of *Goldman* v. *C. R. R. Co.,* 79 *N. J. L.* 205, that a verdict may be set aside as excessive where "the verdict is clearly or palpably wrong, because it is against the clear weight of the evidence, and can only be reconciled with a correct conception of justice, upon the theory that the jury were mistaken, or were influenced by passion, prejudice or corruption." See also *Hutchinson* v. *Coleman,* 10 *Id.* 74; *Taylor* v. *Vanderveer,* 19 *Id.* 22; *Mc-Eowen* v. *Lewis,* 26 *Id.* 451; *Graham* v. *Consolidated Traction Co.,* 62 *Id.* 90.

In the case at bar the deceased was forty years of age, and the plaintiff of like age; the two children are eleven and eight years respectively. The deceased was a teamster earning $20 a week, which he gave to his wife. He was a steady, reliable man in comparatively perfect health. The discretion reposed in the court to set aside verdicts, is as has been stated, a legal discretion based upon well settled legal principles, designed primarily to avoid excesses and favoritism, evolved from passion, partiality or prejudice, and so palpably evinced as to invoke the restraining hand of the courts in the interest of the proper administration of justice. This verdict upon any reasonable calculation under the Death act involves none of these characteristics, and the rule will therefore be discharged.