The cause is presented on bill and answer; the answer admits all the allegations of the bill and we are therefore confined to the allegations in determining the legal consequences.
The complainant insured one Floyd, the owner of an automobile, against liability to others in the operation of the car to the extent of $10,000. The policy also insured the operator of the car against liability while using it with the owner's consent.
The defendants, the Goetzes, suffered injury in an accident while one Robinson, the servant of Floyd, was driving the car, with the owner's consent. The complainant settled with the Goetzes for $8,500 and they gave general releases running to the owner. They are now suing Robinson for damages for the same injury and the complainant has been called upon by Robinson to defend the action. The bill is to reform the releases to include the complainant, on the ground that its name was omitted by mutual mistake, and to restrain the action at law. The defendants admit that it was intended by the settlement to release the complainant from all liability for injury arising out of the accident and that they "in preparing, executing and delivering the said releases believed that they were releasing and intended to release complainant from all further responsibility." The releases should have conformed to the agreement.
There is, however, no need for a reformation to defeat the suit against Robinson. The settlement was in satisfaction of damages for injuries sustained at the hands of Robinson, the liability for which was imputed to the owner. There can be but one satisfaction. Robinson may plead the satisfaction in bar to the action at law. The complainant, defending the action for him, may do so. Spurr v. North Hudson County Railroad Co.,56 N.J. Law 346; Rogers v. Cox, 66 N.J. Law 432. The remedy at law being adequate the bill is dismissed. *Page 212