Essex County Circuit Court.

MARIO VATTANI, ADMINISTRATOR AD PROSEQUENDUM, ETC., PLAINTIFF, v. BONIFACIO DAMIANO, ADMINISTRATOR, ETC., DEFENDANT.

MARGARET LO RE, ADMINISTRATRIX, ETC., PLAINTIFF, v. BONIFACIO DAMIANO, ADMINISTRATOR, ETC., DEFENDANT.

For the motion, *Milton M. Unger* (by *Leonard J. Emmerglick*).

For the defendant in opposition to motion to strike out defense, *Collins & Corbin* (by *James B. Emory*).

Smith, C. C. J., sitting as Supreme Court commissioner.

By consent the answer was amended setting up a new defense. A motion is now made to strike out this defense as frivolous.

The plaintiffs bring their suit under the Death act to recover damages by reason of the death of the deceased while riding in an automobile operated by the defendant's intestate. The ninth separate defense sets up the facts that a judgment was obtained against the New York and Long Branch Railroad arising out of the same accident, and that it has been satisfied.

The negligence, I assume, under which the recovery was had against the New York and Long Branch Railroad, was a failure to properly guard the crossing.

The judgment, while entered before a jury in open court, was by consent and by stipulation. The judgment was amended so as to provide that the entry and satisfaction thereof should be without prejudice to the right of the plaintiff to maintain and prosecute an action or actions against any person or persons other than the defendants therein, for damages resulting from the death of the plaintiff's decedent caused by the collision referred to in the complaint; and without prejudice to the right of plaintiff to receive satisfaction and take proceeding to satisfy any judgments which may be secured by plaintiff in any such actions against any person or persons other than the **defendants** therein.

The ninth separate defense charges that the satisfaction of said judgment discharges any further claim for damage against the defendant herein, the plaintiff being entitled to but one satisfaction for the loss. Were it not for the amendment to the judgment, the satisfaction of the judgment would discharge the defendant, who was one of the tort feasors, as the law is undoubtedly well settled that satisfaction against one or more joint or several tort feasors discharges any other tort feasor for the same claim for damage. The question here presented is whether or not the reservation or limitation entered in the judgment by consent can relieve the effect of the satisfaction of the judgment against the New York and Long Branch Railroad Company. The law is well settled, I think, in this state, that where there is a payment by one tort feasor and a covenant not to sue is given, that this settlement does not release other tort feasors, the reason being either that it was not the intention of the parties that the claim for damages should be satisfied, and in fact, as between the parties it was not satisfaction of the claim for damage, or that the party to whom the covenant not to sue was given, was not under a liability to the plain-

tiff, but merely buying his peace. It has also been held that a release, even under seal, which contains a reservation as to its effect so that it shall not be considered as a discharge of liability of other joint tort feasors, should be construed as a covenant not to sue so as not to bar a right of action against other tort feasors. But I do not think it necessary for me at this time to go into a consideration as to what the authority is in New Jersey with regard to these questions, because assuming that these reasons all apply to a release, we are not confronted with just that question. We have here a case where a judgment has been entered and the question as to that judgment is whether or not a reservation which has been contained in it may be considered in limiting its force and effect.

The judgment has the force and effect of a determination that the defendant is liable for the tort and that the amount of the judgment is the amount of the damage done by the tort. The payment of the judgment is a satisfaction of both the liability and the damage.

It is well said in the case of *Brown* v. *White,* 29 *N. J. L.* 514 (at *p.* 515), dealing with the case of where several persons were bound under one obligation, and holding that the assignment of the judgment was not discharged of the liability of others: "Before a debt can be satisfied, it must appear that something was done which the parties in fact intended should satisfy it, or which the law considered to be evidence of such intention."

While here we have the case where it appears that the parties did not intend that the judgment should be satisfaction, we are met with the conclusion of law that the judgment is in fact a determination that the liability is satisfied.

It seems to me, therefore, that the reservation contained in the judgment is nugatory, as it would in fact nullify the judgment itself, and therefore the ninth separate defense set up by the defendant states a good and valid defense and bar to the action of the plaintiffs.