MARCUS GOLDENBERG, PLAINTIFF-RESPONDENT, v. CHESTER J. REGGIO, DEFENDANT-APPELLANT.

Submitted October 13, 1933—Decided March 23, 1934.

Before BROGAN, CHIEF JUSTICE, and Justices TRENCHARD and HEHER.

For the appellant, *Elmer King* and *Robert H. Schenck.*

For the respondent, *William A. Hegarty.*

The opinion of the court was delivered by

HEHER, J. This is an appeal from a judgment in favor of plaintiff in an action in tort for negligence. There were two trials of the action. The first resulted in a verdict for plaintiff in the sum of $500. He was allowed a rule to show cause why a new trial as to damages only should not be awarded, while defendant was granted a rule to show cause why the verdict should not be set aside *in toto,* with a reservation of exceptions to the denial of his motions to nonsuit and to direct a verdict. The verdict was set aside in respect of damages only. Defendant's rule was discharged. The retrial resulted in an assessment of damages in the sum of $4,000. Defendant was allowed a second rule to show cause, which was discharged upon condition that plaintiff consent to a reduction of the verdict to $3,500. Plaintiff consented, and defendant appeals from the judgment so entered.

Appellant insists that the proofs established plaintiff's contributory negligence, and that the motions to nonsuit and direct a verdict for appellant were therefore erroneously denied. It is conceded that the issue of appellant's negligence was properly submitted to the jury.

A bus proceeding in a westerly direction on West Blackwell street, in the town of Dover, came to a stop alongside the northerly curb of that highway, opposite St. Mary's avenue, for the purpose of discharging passengers. Respondent, a passenger, alighted. His destination was a hospital on St. Mary's avenue, some distance south of Blackwell street. Proceeding toward the southerly side of the last named street, he had passed in front of the standing bus, and had gone several feet beyond, when he was struck by a motorcycle, operated by appellant, moving in a westerly direction. Apparently, this was a definitely established cross-walk. Respondent looked in both directions as he proceeded across the street. He did not see the motorcycle. He had passed beyond the bus when he heard "the noise of a motorcycle." He jumped back, then forward, in an effort to avoid a collision. Appellant "tried to make a circle around" him, but to no avail. The motorcycle, respondent said, was "going at high

speed." One of the witnesses said it was moving at a "terrific speed—couldn't go any faster in my estimation," and that after the collision it continued on for a distance of fifteen to twenty feet, and toppled over, appellant meanwhile having fallen to the pavement. It was therefore fairly inferable from the testimony that the motorcycle was moving at a high rate of speed; that when respondent looked it was not within his range of vision, and that he, therefore, could not have observed it by the exercise of due care. One of appellant's witnesses estimated the speed of the vehicle at twenty-five miles per hour, although there was a cross-walk at this point, and a standing bus was discharging passengers. This witness heard no signal of the approach of the motorcycle. Appellant admitted that, when struck, respondent was at the center line of the street, which was between thirty and thirty-five feet wide. He said that as he reached the rear of the bus, respondent stepped out from the front of the bus. He turned his vehicle to the left, and struck respondent at the center of the street. If appellant had not thus changed his course, the collision would not have occurred. Furthermore, these assertions by appellant seem to be contradictory. The statement that respondent was at the center of the road when struck tends to refute his claim that he was at the rear of the bus when respondent stepped out from its front, and corroborates the testimony, adduced by respondent, of the "terrific speed" of the motor vehicle. In such circumstances, respondent's contributory negligence did not conclusively appear. It was the jury's function to pass upon his conduct. The rule requiring one in such a situation to use his powers of observation, at a time when his observation is not temporarily obstructed, to discover approaching vehicles, and his judgment how and when to cross without a collision, does not bar his recovery merely because he failed to see the motor vehicle which struck him, since it is recognized that reasonably effective use of the powers of observation may be made, and yet the presence of such a vehicle not disclosed. His observation need not extend beyond the distance within which vehicles, moving at a lawful speed, would endanger him. *Puorro* v. *Salerno,* 109 *N. J. L.* 381.

Appellant next urges that there was an abuse of discretion in the awarding of a new trial as to damages only. We find no support for this claim. We are convinced that the trial judge properly exercised the discretion vested in him.

Lastly, it is contended that appellant was entitled to show, and the jury to consider and make allowance for, payments made to respondent by his employer under the Workmen's Compensation act. This is not the rule. A tort-feasor cannot set up in mitigation of damages the fact that a third party, with whom the tort-feasor has no connection, has indemnified in part or in whole the injured party. *Gilbert* v. *Junior Trucking Corp.,* 104 *N. J. L.* 608. The case of *Erie Railroad Co.* v. *Michelson,* 111 *Id.* 541; 162 *Atl. Rep.* 764, is not to the contrary. There it was held that payment of compensation by an insurer is not payment by the employer within the intendment of the provision of the Workmen's Compensation act entitling the employer to reimbursement from a third person wrong-doer.

Judgment affirmed, with costs.