EUGENE L. McHUGH, ERMA M. STARK AND NELLIE T. MURRAY, PLAINTIFFS, v. ABRAHAM SOFFER AND ISRAEL S. SOFFER, JOINTLY, SEVERALLY AND IN THE ALTERNATIVE, DEFENDANTS.

Decided April 17, 1946.

For the plaintiffs, *Cole & Cole* (by *Maurice Cole*).

For the defendants, *Daniel DeBrier* (by *William B. Hunter*).

BURLING, C. C. J.  These causes of action were instituted by the plaintiffs against the defendants to recover damages as the result of the alleged negligent operation of the automobile

owned by the defendant Abraham Soffer and operated by the defendant Israel S. Soffer, his servant in the course of an employment. The event occurred on July 26th, 1941.

The plaintiffs Erma M. Stark and Nellie T. Murray were passengers in the automobile owned and operated by Eugene L. McHugh. The two automobiles were in collision.

The jury returned verdicts in favor of the plaintiff Eugene L. McHugh for $287.94, representing his property damage, and in favor of the plaintiff Erma M. Stark for $150, and in favor of the plaintiff Nellie T. Murray for $100, against the defendants, Abraham Soffer and Israel S. Soffer, for personal injuries. The jury further returned a verdict of no cause for action on the counter-claim of the defendant Abraham Soffer against the plaintiff Eugene L. McHugh.

Immediately upon the rendition of these verdicts on March 6th, 1946, the plaintiffs' attorney prepared a *postea* and presented it to the trial judge. It was signed and filed with the clerk of the Supreme Court. Judgment was entered in the New Jersey Supreme Court on March 7th, 1946, in favor of the aforesaid plaintiffs for the respective amounts of their verdicts, together with costs.

On March 8th, 1946, after the entry of the judgments, the plaintiffs Erma M. Stark and Nellie T. Murray, pursuant to applications made on their behalf, were allowed a rule, directed to the defendant, to show cause why the verdicts entered in favor of said plaintiffs, Stark and Murray, should not be set aside, for inadequacy of damages and a new trial granted as to damages only.

On the return day of this rule, the application was opposed by the defendants, and in addition thereto by prior notice, they moved to vacate and discharge the rule for the following reasons:

1. Said rule was improvidently granted and allowed, in that the said plaintiffs did voluntarily cause judgments to be entered in their favor on the verdicts which they now seek to set aside, and have, therefore, waived their right to apply for a new trial.

2. Said rule was improvidently granted and allowed, in that prior to the allowance of said rule, the said plaintiffs did

affirm the correctness of said verdicts by voluntarily causing judgments to be entered thereon.

3. For the reasons aforesaid, said rule to show cause is illegal and void.

4. The said verdicts are not inadequate.

This memorandum will dispose of both applications.

With respect to the motion to dismiss the rule to show cause, it may be said at the conclusion of a trial of a Supreme Court issue by a Circuit Court Judge at *nisi prius* the procedure laid down by statute and rules of court contemplate the prompt reporting of the trial procedure to the Supreme Court by the trial judge. *R. S.* 2:27–186 and 188; *N. J. S. A.* 2:27–186 and 188; Supreme Court rules 116 and 117; 2 *N. J. S. A. Appendix.* The defendants contend that in the application of the doctrine of election of remedies and estoppel, the rule to show cause should be vacated upon the ground that the action of the attorney of the plaintiffs, in preparing the form of *postea* for submission to the trial judge was equivalent to a motion for judgment and thereby waived the right to move for a new trial. 29 *Am. Jur.* 40. Since the duty rested with the trial judge to return the transcript of pleadings into court with the *postea,* the mere fact that the attorney for the plaintiffs to relieve the judge prepared the form of *postea* cannot be construed as a waiver of the right of the plaintiffs to pursue an application for a new trial. *Weinberger* v. *Erie Railroad Co.* (*Court of Errors and Appeals,* 1914), 86 *N. J. L.* 259; 90 *Atl. Rep.* 1013. Time is the contemplated essence of the procedure for the entry of a judgment. This is further evinced by the rule which provides for the trial judge to establish the terms upon which the rule may be granted including a stay of execution upon the judgment. This motion is without merit and is dismissed.

With respect to the alleged inadequacy of the verdicts of the plaintiffs Stark and Murray in giving consideration to applications of this nature unless the verdict clearly evinces that it was the result of mistake, partiality, prejudice or passion or lacks any evidence to support it, it should not be annuled. *Bowen* v. *Healy's, Inc.* (*Supreme Court,* 1938), 16 *N. J. Mis. R.* 113; 197 *Atl. Rep.* 655.

The discretion reposed in a court to set aside a verdict is a legal discretion based upon well-settled principles, designed primarily to avoid excesses and favoritism, evolved from passion, partiality or prejudice and so palpably evinced as to invoke the restraining hand of the courts in the interest of the proper administration of justice. *Bowes* v. *Public Service Railway Co.* (*Court of Errors and Appeals,* 1929), 94 *N. J. L.* 378; 110 *Atl. Rep.* 699. And it was held in the case of *Goldman* v. *Central Railroad of New Jersey* (*Supreme Court,* 1909), 79 *N. J. L.* 205 (at *p.* 207); 74 *Atl. Rep.* 261: "* * * courts have exercised the prerogative of setting aside verdicts, only where the verdict is clearly or palpably wrong, because it is against the clear weight of the evidence, and can only be reconciled with a correct conception of justice, upon the theory that the jury were mistaken or were influenced by passion, prejudice or corruption."

The plaintiff Erma M. Stark testified that as a result of the collision, she suffered divers lacerations, contusions and abrasions of the forehead, neck, left middle finger, right shoulder, both knees and left thigh. She was given first-aid treatment by Dr. Smith in Egg Harbor City shortly after the accident. She was then treated by Dr. C. M. Brooks of Cape May Court House. She was then treated daily by Dr. James H. Mason during her entire week's stay in Atlantic City after the accident. Upon her return to Allentown, Pennsylvania, she was treated by her family physician, Dr. A. C. Gallagher. As a result of her injuries, Miss Stark claimed that she lost two full weeks' earnings and that after the two week period, she was able to work part-time for a considerable period of time. She claimed loss of earnings of $50 per week. She testified to the following medical bills: Dr. G. M. Brooks, $24; Dr. Robert A. Bradley, $5; Dr. James H. Mason, $11, and Dr. A. C. Gallagher, $49.

Dr. Harry Subin, produced by the defendants, examined Miss Stark on December 7th, 1941, more than four months after the accident. Dr. Subin testified that at that time, he observed a scar on the left side of Miss Stark's forehead. He found tenderness on motion of the neck; pain to the top of

the right shoulder and bruises of both knees. The injuries sustained by Miss Stark were necessarily productive of pain.

The plaintiff Mrs. Murray claimed to have suffered divers lacerations, contusions and abrasions, principally of the left hand, both arms and both knees. She was examined and treated by the same doctors as was Miss Stark. She claimed no loss of earnings. Dr. G. M. Brooks, $7.50; Dr. James H. Mason, $11, and Dr. A. C. Gallagher, $16. She claimed that the injuries sustained to her knee gave her trouble for a long period of time after the accident.

Dr. Subin produced by the defendants, and who examined her on December 7th, 1941, testified that at that time, Mrs. Murray was still complaining of pain in the back of the left hand, pain in the knee joints, nervousness and sleeplessness. He observed a cut on the front of her right knee. He re-examined Mrs. Murray during the course of the trial. At that time, she was still complaining of pain on the inner part of the right and left knees. He found a grating in both knees. The injuries sustained by Mrs. Murray were necessarily attended by pain.

It is obvious, clear and palpable that the jury made a mistake in failing to give effect to the rule and principles laid down in the charge of the court in evaluating and appraising the elements of damage. The rule is made absolute and a new trial granted as to damages only.

Appropriate form of rules may be presented in accordance with the conclusions herein stated.