8 N.J. Super. 461 (1950)
73 A.2d 290
NISH ALJIAN, KARNIG ALJIAN AND JOHN ALJIAN, TRADING AS FRANKLIN CLEANERS & DYERS, PLAINTIFFS,
v.
BEN SCHLOSSBERG, INC., DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided May 3, 1950.
*462 Mr. Samuel A. Gennet, attorney for plaintiffs.
Mr. Louis P. Brenner, attorney for defendant (Mr. Joseph G. Liebman, on the brief and argument).
*463 PROCTOR, J.S.C.
This action is instituted to recover damages for loss occasioned by a fire alleged to have been caused by the servant or agent of the defendant.
Motion was made to dismiss the complaint on the ground that plaintiffs executed and delivered a general release to the Home Owners' Loan Corporation which relieved defendant of any liability.
The parties agreed that the motion be decided by the court on stipulation of facts as to whether or not the action is barred by the execution and delivery of the general release.
The stipulated facts disclose that the plaintiffs were tenants on the first floor of premises which were owned by the Home Owners' Loan Corporation and managed by the defendant under a management-broker's agreement. On February 15, 1943, a fire occurred in the premises and certain personal property of the plaintiffs was damaged. The fire resulted from the use of a blow torch by one Rutkowski, while he was in the process of thawing certain pipes in the basement of the premises. It appears that the flame of the blow torch came too close to certain inflammable materials and to the ceiling of the basement.
In the "stipulation of fact" the parties differ as to the status of Rutkowski, the plaintiffs contending that Rutkowski was employed to thaw the pipes by the defendant, while the defendant maintains that Rutkowski was not its agent or servant, but was a volunteer. However, in deciding this motion the court must take the view most favorable to the plaintiffs and assume that Rutkowski was defendant's servant and that his negligence, which is imputed to defendant, caused the loss. Therefore, Rutkowski and the defendant may be treated as one.
On December 17, 1943, plaintiffs instituted suit in the New Jersey Supreme Court against the Home Owners' Loan Corporation, alleging that the latter was the owner of the premises and that it, through its agent or servant, negligently caused a fire to start in the basement, which fire damaged the personal property of plaintiffs. Thereafter, the Home Owners' *464 Loan Corporation had the case removed to the United States District Court and filed an answer denying liability. The matter was compromised and, in consideration of $275 paid by the Home Owners' Loan Corporation, plaintiffs executed and delivered to the Home Owners' Loan Corporation a general release. Thereafter, plaintiffs commenced the present suit against defendant.
The question for determination is whether or not a general release given by an injured party to a principal or employer is a bar to a suit against the agent or servant.
It is well established in this State that, in a case involving a joint tort, if the party injured accepts satisfaction from one of such tortfeasors, he cannot sue the other. Moss v. Cherdak, 114 N.J.L. 332 (E. & A. 1935). This principle of law is founded on a sound principle of justice; there can be but one satisfaction. Spurr v. North Hudson County Railroad Co., 56 N.J.L. 346 (Sup. Ct. 1894); Rogers v. Cox, 66 N.J.L. 432 (Sup. Ct. 1901). In the present case, although the defendant and the Home Owners' Loan Corporation were not joint tortfeasors, the same rule applies, since the liability of the master is based on the imputed negligence of the servant and there is but one injury as in the case of a joint tort. In the case of United States Fidelity and Guaranty Co. v. Goetze, 108 N.J. Eq. 210 (Ch. 1931), Vice-Chancellor Backes held that a general release given to the master may be pleaded in bar in a suit against the servant. In 35 American Jurisprudence, § 535, we find the statement:
"According to the great weight of authority, where both master and servant are liable to a third party for a tort of the servant, a valid release of either master or servant from liability for the tort operates to release the other, although in some of the cases it is conceded that the master and servant are not, strictly speaking, `joint tort-feasors,' in view of the fact that the master's only liability rests upon the doctrine of respondeat superior."
If the rule were otherwise, the plaintiffs, who have settled with the Home Owners' Loan Corporation, could later recover from defendant who then would be liable to the Home Owners' *465 Loan Corporation, thus forcing defendant to pay more than plaintiffs' damage for the one wrong. See Frank Martz Coach Co., Inc. v. Hudson Bus, &c., Co., 23 N.J. Misc. 342 (Sup. Ct. 1945).
Plaintiffs argue that the above principles do not apply for the reason that the defendant was not a servant or agent of the Home Owners' Loan Corporation, but was an independent contractor. However, at the time plaintiffs instituted their suit against the Home Owners' Loan Corporation, and later when they executed the general release, they took the position that the defendant was the servant or agent of the Home Owners' Loan Corporation and they are not now in a position to say otherwise. In Hubbard v. The St. Louis & M.R.R. Co., 173 Mo. 249, 72 S.W. 1073, the court said:
"It does not lie in the mouth of such a plaintiff to say he had no cause of action against the one who paid him for his injuries, for the law presumes that the one who paid committed the trespass, and occasioned the whole injury."
In Brown v. City of Cambridge, 3 Allen 474 (Mass. 1862), the court used the following language:
"It is an ancient doctrine that a release to one joint trespasser, or a satisfaction from him, discharges the whole. * * * The same doctrine applies to all joint torts, and to torts for which the injured party has an election to sue one or more parties severally. Where, for example, a master is liable for the tort of his servant, a satisfaction from one discharges both, though they cannot be sued jointly. If it were not so, a party having a claim against several persons on account of a single tort might sue one and settle the suit, receiving damages; he might then sue another and settle in the same way, and repeat the proceeding as to all but one, and then sue him and recover the whole damage, as if nothing had been paid by the others. A door would thus be opened to a class of speculations that do not deserve encouragement. The rule of law which makes one satisfaction or release a bar to further claims for the same tort is founded in good reason.
"The plaintiff is estopped to say that he had no claim against the Water Works for the tort, but compelled them to buy their peace by the settlement of a claim that was groundless, and therefore malicious; for this would be an allegation of his own wrongful act. He is to be regarded as having prosecuted his claim against them in good faith, and they admitted its validity so far as to compromise it."
*466 See also Cleveland, C.C. & St. L. Ry. Co. v. Hilligoss, 171 Ind. 417, 86 N.E. 485; Blake v. Kansas City Southern Ry. Co., 38 Tex. Civ. App. 337, 85 S.W. 430; and Note in 126 A.L.R. 1199.
The next point to be considered is the scope of the release. The plaintiffs urge that the release was given to the Home Owners' Loan Corporation only to compromise the pending litigation of the claim against it, and that it was not intended to terminate the claim of the plaintiffs against defendant. Plaintiffs argue "it is thus merely a covenant not to sue because of the wording of the instrument and the amount of the consideration received and, mainly, the intentions of the parties."
The law is well settled in this State that, where there is a payment by one tortfeasor and a covenant not to sue is given, this settlement does not release other tortfeasors. Brandstein v. Ironbound Transportation Co., 112 N.J.L. 585 (E. & A. 1934). It has also been held that a release, which contains a reservation to the effect that it shall not be considered a discharge of liability of other tortfeasors, should be construed as a covenant not to sue so as not to bar a right of action against other tortfeasors. Vattani v. Damiano, 9 N.J. Misc. 290 (Sup. Ct. 1931).
The release executed and delivered by plaintiffs is in the usual form and, after reciting that it releases the Home Owners' Loan Corporation "from all * * * claims and demands whatsoever," sets forth "Particularly we release the Home Owners' Loan Corporation from all claims, suits and demands arising out of the fire which occurred at the property known as 306 Pacific Ave., Jersey City, N.J., on or about February 15, 1943. It is understood that the Home Owners' Loan Corporation does not admit liability for the accident, fire and resulting damage, and liability is expressly denied. The payment is made simply to compromise the pending litigation and claims."
The language of the release clearly imports a settlement by compromise of the entire subject matter of the litigation. *467 There are no qualifying words therein manifesting a different intention or intimating that the money paid in accordance with the terms thereof was to be accepted as only part satisfaction of plaintiffs' damages. In the absence of such qualification it must be presumed that the language quoted was used advisedly and in its usual and ordinary sense, the legal affect of which, especially when taken in connection with the acceptance by plaintiffs of the money paid, was a release of the defendant from all liability for the wrongful act for which complaint is here made. See Gavin v. Malherbe, 261 N.Y.S. 373; affirmed, 264 N.Y. 403, 191 N.E. 486. The fact that the Home Owners' Loan Corporation denied liability does not alter the effect of the release. Cleveland C.C. & St. L. Ry. Co. v. Hilligoss, supra. It will be observed there is no reservation of rights against the present defendant. An unqualified release implies receipt of full satisfaction. Lovejoy v. Murray, 70 U.S. 1, 18 L.Ed. 129; Dwy v. Connecticut Co., 89 Conn. 74, 92 A. 883. If the instrument were meant as a covenant not to sue, simple words could have been used to that effect. See Feitlinger v. Heller, 112 N.J. Eq. 209 (E. & A. 1933). In the Restatement of the Law of Torts, § 885, it is stated:
"A valid release of one tortfeasor from liability for a harm, given by the injured person, discharges all others liable for the same harm, unless the parties to the release agree that the release shall not discharge the others and, if the release is embodied in a document, unless such agreement appears in the document.
"A covenant not to sue one tortfeasor for a harm does not discharge any other liable for the harm."
In the present case, since there was but one harm there can be but one satisfaction.
Defendant is entitled to judgment.