11 N.J. Super. 481 (1951)
78 A.2d 602
MICHAEL GELSMINE, PLAINTIFF-APPELLANT,
v.
NICHOLAS VIGNALE, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued January 22, 1951.
Decided January 31, 1951.
*483 Before Judges McGEEHAN, JAYNE and WM. J. BRENNAN, JR.
Mr. William K. Miller argued the cause for plaintiff-appellant (Messrs. Berman, Neiss & Miller, attorneys).
Mr. Frederick C. Vonhof argued the cause for defendant-respondent (Mr. William P. Braun, attorney. Mr. Vonhof on the brief).
The opinion of the court was delivered by WILLIAM J. BRENNAN, JR., J.A.D.
Plaintiff sued for injuries suffered when defendant Vignale's car, in which plaintiff was a passenger, collided with the rear of the Swanson car, behind which defendant's car was proceeding, and then hit the Bullock car a short interval after the Swanson and Bullock cars had collided head on and had come to rest. The mishap occurred on November 19, 1947, on East Main Street just west of Mendham, New Jersey. Plaintiff's complaint sued Bullock, Swanson and the defendant Vignale severally for his injuries in separate counts and all three jointly in a fourth count. Before the pretrial conference plaintiff discontinued the action as to Bullock, to whom he gave a covenant not to sue upon receiving from her the sum of $3,000. The suit was also discontinued as to Swanson, although no consideration was paid by him.
The trial proceeded only as to defendant Vignale in the Superior Court, Law Division, Essex County. Over plaintiff's objection evidence of the $3,000 payment received by plaintiff from Bullock was admitted in mitigation of plaintiff's damages. The court charged the jury: "* * * if you should find for the plaintiff in this case you would deduct from such amount as you might find the sum he has already received of $3,000 and render a verdict for the difference between the amount you determine and fix his compensation at and the $3,000 he has already received. * * * If you determine that the plaintiff is entitled to a verdict less than the sum of $3,000, I want you to render a special verdict if less than $3,000, stating the amount as you might fix that *484 he is entitled to receive. If you find a verdict in the plaintiff's favor of less than $3,000, you would name that amount, but if you found a verdict for over $3,000 you would deduct the $3,000. * * *" The jury returned a verdict in plaintiff's favor for $2,000, the foreman stating it was the jury's determination that, "He has received $3,000 where he should have received only $2,000 in our opinion." The trial court thereupon molded the verdict and directed the entry of judgment in plaintiff's favor and against defendant Vignale "in the nominal sum of six cents." Plaintiff's subsequent motion for a new trial as to damages only for inadequacy thereof was denied.
Plaintiff's appeal presents the two questions whether the evidence of the Bullock payment was admissible in mitigation of plaintiff's damages, and whether the verdict should be set aside for inadequacy of damages.
The discontinuance of the action as to Bullock was filed September 28, 1949. The pretrial conference was held four months later on January 24, 1950. Plaintiff's counsel contended at the conference that the Bullock payment was an immaterial consideration in the suit against defendant because "There were two accidents, first accident was over with and accident the plaintiff was in was the second accident." The ground of the objection to the admissibility of the evidence stated by plaintiff's counsel at the trial was, "That this $3,000 I asked from the Utica Mutual was a gift," "The plaintiff was willing to stipulate he received $3,000 from the defendant Bullock, but we claim it was a gratuity."
We gather from his brief that plaintiff's counsel argues the payment was not evidential in diminution of the damage sought from defendant Vignale either because the payment is to be deemed a "gift" or "gratuity" and a payment by a person not interested as a wrongdoer and liable to answer for the wrongful act, but rather is to be considered a payment growing out of a relationship with plaintiff not connected with such act (Jacowicz v. D., L. & W.R.R. Co., 87 N.J.L. 273 (E. & A. 1915); Rusk v. Jeffries, 110 N.J.L. 307 (E. & A. 1933); Weber v. Morris and Essex R.R. Co., 36 N.J.L. *485 213 (Sup. Ct. 1873); Goldenburg v. Reggio, 112 N.J.L. 440 (Sup. Ct. 1934)), or is to be deemed a payment made by a person in the position of an independent tort-feasor not having the relation to defendant of a joint tort-feasor, counsel insisting that Brandstein v. Ironbound Transportation Co., 112 N.J.L. 585 (E. & A. 1934), and Lombardo v. Creamer, 113 N.J.L. 117 (E. & A. 1934), lay down a rule that a payment is evidential in diminution of damages only when the defendant has the relation of a joint tort-feasor to the one paying the money.
The first proposition, that the payment was a "gift" or "gratuity" is patently specious. Bullock obviously bought her peace because plaintiff had made her a defendant in the suit charging her with joint and several liability for his injuries. The discontinuance filed as to Bullock expressly recites, "The claim of the plaintiff against the defendant, Martha Bullock, having been amicably adjusted by a Covenant Not to Sue * * *." By plain principles of estoppel plaintiff will not now be heard to assert the contrary. Cf. Lindeman-Chevrolet, Inc., v. Reliable Woodworking Co., 4 N.J. Misc. 52 (Sup. Ct. 1926); affirmed, 103 N.J.L. 198 (E. & A. 1926); see Brown v. City of Cambridge, 3 Allen 474 (Mass. 1862); Aljian v. Ben Schlossberg, Inc., 8 N.J. Super. 461 (Law Div. 1950).
The second proposition likewise is without merit. First of all the evidence pointed strongly to acts of negligence by both Bullock and Vignale which, if independent of each other in point of time, nonetheless united in causing plaintiff's total injuries and constituted them joint tort-feasors. Cf. Young v. Dille, 127 Wash. 398, 220 P. 782 (Wash. Sup. Ct. 1923). The immediate cause of the occurrence was the negligence of Bullock in driving her car while intoxicated and veering across the center line of the road into the path of the oncoming Swanson car. Vignale was driving his car behind Swanson's and within a few seconds his negligent operation of his car, as the jury found, caused it to strike the Swanson car and then the Bullock car as those cars stood on the highway following their collision. The impact with the Swanson *486 car caused plaintiff, who was sitting beside Vignale, to be thrown forward and to hit the windshield, and then, when the Bullock car was struck, again to be thrown forward against the windshield and simultaneously to be hit on the head by a bowling ball which became dislodged from its resting place on the back ledge of Vignale's car. The positions of the Swanson and Bullock cars in the road were clearly the consequence of Bullock's negligence which, within seconds as to time, concurred with Vignale's directly related negligent operation of his car to produce plaintiff's injuries. It is to be noted that plaintiff neither alleged nor attempted to prove any segregation of his injuries attributed in part to Vignale's negligence and in part to the negligence of Bullock. Cf. Vadurro v. Yellow Cab Co. of Camden, 8 N.J. Super. 208 (App. Div. 1950); affirmed, 6 N.J. 102 (1950).
Secondly, however, even if we assume, as the trial court held, that the relation of joint tort-feasors did not obtain between Bullock and the defendant, nothing said in the Brandstein and Lombardo cases limits the principle laid down therein and the Bullock payment was evidential in diminution of plaintiff's damages. The holdings in those cases rest on the fundamental doctrine, founded on sound principles of justice and good sense, that there can be but a single satisfaction for the same injury. Plaintiff's suit did not seek recovery from Bullock for injuries different from those which he alleged defendant and Swanson had caused, but sought recovery for the same injuries from all three defendants. Cf. Newman v. Fowler, 37 N.J.L. 89 (Sup. Ct. 1874). The consideration received from Bullock for the claim against her therefore operated to reduce pro tanto the amount of any damages plaintiff was entitled to recover against defendant, and this is true whether Bullock and defendant be joint or independent tort-feasors. Annotation, 104 A.L.R. 931 at 932, and cases cited; Young v. Anderson, 33 Idaho 522, 196 P. 193 (Idaho Sup. Ct. 1921); Annotation, 50 A.L.R. 1057; and see Westerhoff v. Citizens Trust Company, 15 N.J. Misc. 202 (Sup. Ct. 1936); affirmed, 117 N.J.L. 453 (E. & A. 1937); United States Fidelity, etc., Co. v. Goetze, *487 108 N.J. Eq. 210 (Ch. 1931); Aljian v. Ben Schlossberg, Inc., supra; Rogers v. Cox, 66 N.J.L. 432 (Sup. Ct. 1901).
As to damages, our examination of the record satisfies us the verdict should not be set aside for inadequacy. A verdict for damages is not set aside for inadequacy merely because the award of a greater sum can be supported by the evidence, but only if it clearly and convincingly appears that the verdict was the result of mistake, partiality, prejudice or passion. Killen v. North Jersey Street Ry. Co., 74 N.J.L. 286 (Sup. Ct. 1907); McHugh v. Soffer, 24 N.J. Misc. 111 (Burling, J.C.C., 1946).
From our independent review of the record (see Rule 3:59-5, as amended), made, of course, with due regard to the denial by the trial judge of plaintiff's motion and to the opportunity of the trial court and the jury to pass upon the credibility of the witnesses, it does not clearly and convincingly appear that the verdict of $2,000 returned by the jury was the result of mistake, partiality, prejudice or passion. Cf. Huddleson v. Lerman, 8 N.J. Super. 144 (App. Div. 1950).
Affirmed.